247 So.2d 137 (1971)
Jack B. GRAY
v.
LOUISIANA POWER AND LIGHT COMPANY.
No. 4365.
Court of Appeal of Louisiana, Fourth Circuit.
April 5, 1971.
Rehearing Denied May 10, 1971.
Writ Refused June 21, 1971.
*138 Badeaux & Discon, J. Michael Cumberland, New Orleans, for plaintiff-appellant.
James P. Vial, Hahnville, and Monroe & Lemann, Andrew P. Carter, Eugene G. Taggart, New Orleans, for defendant-appellee, Louisiana Power & Light Co.
Christovich & Kearney, Lawrence J. Ernst, New Orleans, for third party defendant-appellant-appellee, Prestressed Concrete Products Co., Inc.
Before GULOTTA, TAYLOR and BOUTALL, JJ.
TAYLOR, Judge.
Jack B. Gray, the plaintiff-appellant herein while employed by Prestressed Concrete Products Company, Inc., was injured while his company was doing work for the defendant-appellee, Louisiana Power and Light Company, hereinafter referred to as LP & L, under a written contract for the construction of foundations for tower sites near Taft, in St. Charles Parish. These towers were for LP & L's 500 K. V. electric transmission line crossing the Mississippi River.
Plaintiff filed a suit ex delicto against LP & L and an intervention was filed by the Highlands Insurance Company, the compensation insurer of Prestressed, for the compensation payments arising from the accident.
Louisiana Power and Light Company filed a third party claim against Prestressed asserting an indemnity and hold harmless agreement in the contract between LP & L and Prestressed. Prestressed answered denying the third party petition.
A motion for summary judgment was filed by LP & L to plaintiff's petition accompanied by affidavits and the charter of the LP & L. Another motion for summary judgment was filed by LP & L against Prestressed accompanied by the contract between them containing the hold harmless agreement.
The first motion for summary judgment was filed on January 26, 1966 and is contained in the record. The second motion for summary judgment although allegedly filed by LP & L on the third party demand is not in the record, however the service on the motion for trial dated December 18, 1969 (#68 in the record) contains an order signed by the trial judge wherein both motions are fixed for trial on December 30, 1969. Notice of such fixing for trial appeared on December 30, 1969, where the matter was heard and submitted. On June 16, 1970 a judgment was rendered in favor *139 of LP & L and against Jack B. Gray, granting the summary judgment and "ordering and commanding the third party, Prestressed Concrete Products Company, Inc., to appear and to defend the third party plaintiff, Louisiana Power & Light Company, against the principal demand of the plaintiff herein and thus obligating the said third party plaintiff to indemnify and hold harmless the third party plaintiff, Louisiana Power & Light Company."
On July 5, 1970 the plaintiff filed a motion for an appeal which was signed on July 8, 1970 by the trial court granting a devolutive appeal to plaintiff returnable to this court on September 4, 1970.
On August 10, 1970 an answer to the appeal was filed by the third party defendant, Prestressed Concrete Products Company, Inc. This is an answer to the appeal taken by the plaintiff Jack B. Gray, plaintiff in the main demand.
A motion to dismiss the answer to the appeal taken by third party defendant, Prestressed was filed by third party plaintiff, LP & L, on February 19, 1971.
We will pass upon the motion for summary judgment filed by LP & L before going into the other motion for summary judgment and the motion to dismiss the answer to the appeal.
The question to be decided by us is whether the affidavits filed by LP & L and its own corporate charter are sufficient so that there is no longer any question of fact or any material issue so as to conclude LSA-R.S. 23:1032 and LSA-R.S. 23:1061 are applicable in this case and the plaintiff's sole remedy is under the Workman's Compensation Act so as to warrant the granting of a summary judgment pursuant to LSA-C.C.P. art. 966.
Article 966 reads as follows:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
In the instant case the plaintiff alleges in paragraph V of his petition that "his employer, Prestress [sic] Concrete was called to said location in order to carry on work and complete certain construction for defendant, Louisiana Power & Light."
The charter of LP & L reads in part as follows:
* * * * * *
"(2) The general nature of the business or businesses to be transacted by the corporation is as follows, to wit:
"(a) Any and all kinds of plants and systems for the manufacture, production, storage, utilization, purchase, sale, supply, transmission, distribution or disposition of electricity, gas or water, or power produced thereby;"
* * * * * *
"(d) Any and all kinds of works, power plants, structures, substations, systems, tracks, machinery, generators, motors, lamps, poles, pipes, wires, cables, conduits, apparatus, devices, equipment, supplies, articles and merchandise of every kind pertaining to or in anywise connected with the construction, operation or maintenance of interurban, city and street railways and street railroads, or in anywise *140 connected with or pertaining to the manufacture, production, purchase, use, sale, supply, transmission, distribution, regulation, control or application of electricity, gas, water and power.
"To acquire, buy, hold, own, sell, lease, exchange, dispose of, transmit, distribute, deal in, use, manufacture, produce, furnish and supply street and interurban railway service, electricity, gas, light, heat and water in any form and for any purposes whatsoever;
"To purchase, acquire, develop, hold, own and dispose of lands, interests in and rights with respect to lands and waters and fixed and movable property necessary or suitable for the carrying out of any of the foregoing powers;"

* * * * * *
The LP & L Company is specifically authorized by its charter to use, manufacture and produce not only electricity but the means to transmit it to its users. The fact that it may not choose to exercise the right to build any or all of its own facilities in transmitting the electricity, as these towers and foundations, but rather contract with another will not exempt them from the provision of LSA-R.S. 23:1061.
In the case of Washington v. Sewerage and Water Board, La.App., 180 So. 199 (1938), the Sewerage and Water Board took advantage of federal money made available by the Federal Emergency Relief Administration for the construction of certain sewerage projects in New Orleans wherein the ERA agreed to furnish all necessary labor free of cost to the Board and also to pay fifty-five percent of the cost of the material used on the project. A workman was killed and the Sewerage and Water Board contended that the work done "was not part of the Board's business and that it had no power or authority from the Legislature to execute or engage in sewer construction work except in the manner set forth by Section 24 of Act No. 6 of the extra session of the Legislature of 1899 under which it was organized. The applicable part of Section 24 declares:
`That all contracts for the construction of the said public systems of sewerage and water shall be let to the lowest bidder by sealed proposals or by public action as the board may determine.'"
The Court of Appeal, Orleans, with Judge McCaleb as the organ of the court answered this argument:
"The vice of this argument is that the quoted provision depended upon does not prohibit the Sewerage and Water Board from engaging in sewer construction work, if it so desires, but merely provides that, where it sees fit to let out this work on contract, such contract shall be let to the lowest bidder."
The LP & L could, if it so desired, construct its own towers as authorized by its charter.
From a reading of the affidavit of E. A. Rodrigue, a senior vice-president of LP & L Company we see that the work being done by the immediate employer of appellant, Prestressed, was "an integral and a necessary part of the regular trade, business and occupation of Louisiana Power & Light Company of constructing, operating and maintaining electric facilities for the purpose of distributing electric energy to the public throughout the various parishes of Louisiana, including St. Charles Parish."
In the case of Richard v. National Surety Corporation, La.App., 99 So.2d 831 (1957), a suit was filed against the City of Lafayette and its insurer for the death of a contractor's employee by electrocution, allegedly caused by the negligence of the city in the construction of a power line. In that case, the court in maintaining an exception of no cause of action, held:
"Beyond a doubt these allegations show that the City of Lafayette was authorized to and did, as a part of its regular business, operate a power plant which it *141 owned and located on city property for the purpose of supplying electric power to the inhabitants of the City of Lafayette primarily, in accordance with the power vested in it under the legislative act by which it was incorporated, and that it had contracted with the Universal Electric Construction Company to erect or construct major electrical power line improvements to its property, although it was empowered if it so desired to do this work itself, and that the deceased was an employee of the contractor and at the time of his accident was working on a major line which the city itself had previously built, as an employee of the Universal Electric Construction Company." (Emphasis added)
and concluded the sole remedy for the accident and death was in compensation.
We are therefore of the opinion that the charter of LP & L specifically authorized it to have done this construction work if it so desired. The work being done was in furtherance of its business of producing and transmitting electric power to the public, as evidenced by the accompanying affidavit. Therefore the injured appellant's sole remedy is in compensation and the motion for summary judgment is well founded. Although defendant did not specifically pray that plaintiff's suit be dismissed, either in an answer because one was not filed prior to the filing of the motion for summary judgment or in the motion for summary judgment itself, this is the only relief to which defendant is entitled. Plaintiff has no right to maintain a suit in tort against defendant. Therefore pursuant to the authority granted this court by LSA-C.C.P. arts. 862 and 2164, we will grant to defendant the relief to which it is entitled, that is, dismissal of plaintiff's suit.
The appellee in main demand, LP & L filed a motion to dismiss the answer of the third party defendant, Prestressed. The only appellant in this appeal is plaintiff Jack B. Gray and he took this appeal from that portion of the judgment that affected him, namely the granting of the summary judgment in favor of LP & L.
LP & L, as third party plaintiff filed an incidental demand against Prestressed, third party defendant, based upon a written agreement dated November 4, 1965 wherein Prestressed, third party defendant, agreed to hold harmless LP & L, third party plaintiff, from any claims arising out of the construction of its towers and also for indemnification in the event LP & L were to be cast in judgment. Prestressed, third party defendant, answered this suit.
Thereafter summary judgment was granted in favor of third party plaintiff and against third party defendant "ordering and commanding the third party, Prestressed Concrete Products Company, Inc., to appear and to defend the third party plaintiff, Louisiana Power & Light Company, against the principal demand of the plaintiff herein and thus obligating the said third party plaintiff to indemnify and hold harmless the third party plaintiff, Louisiana Power & Light Company." Third party defendant, in answering plaintiff Jack B. Gray's appeal, urges that he has appealed the adverse judgment rendered in favor of third party plaintiff on the incidental demand. However we cannot agree. Third party defendant, Prestressed, did not file an appeal from the adverse judgment granting LP & L a summary judgment on the incidental demand. Nor did LP & L, third party plaintiff, appeal the judgment rendered in its favor. Therefore there is no appellant in the incidental demand.
As was stated in Meaux v. Hoffpauir, La.App., 219 So.2d 551 (1969):
"However an answer to the appeal is a pleading by which an appellee may have the judgment modified or revised only as against an appellant. LSA-C.C.P. Art. 2133. As amended by Act 129 of 1968, this article provides: `* * * The answer filed by the appellee shall be equivalent to an appeal on his part from any *142 portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.'"
The only appeal taken in this matter was by plaintiff in the original main demand to which Prestressed, third party defendant, was not a party and Prestressed had no right as an appellee to file an answer for the plaintiff was not his appellant.
Since Prestressed, third party defendant, did not appeal within the legal delays that portion of the judgment as between LP & L, third party plaintiff, and Prestressed, third party defendant, is final and the motion to dismiss is granted.
Therefore we cannot consider the answer filed by Prestressed, third party defendant.
For the foregoing reasons the judgment of the trial court is affirmed as to the granting of a summary judgment in favor of LP & L and against plaintiff-appellant, Jack B. Gray, dismissing plaintiff's suit at his costs. Costs of this appeal to be borne by plaintiff-appellant. The motion to dismiss filed by third party plaintiff, LP & L, is granted.
Affirmed.
Motion granted.