REDMANN, Judge.
Although it might be argued that there is “no genuine issue as to material fact" for *767 purposes of defendant’s motion for summary judgment, La.C.C.P. 966, defendant is not “entitled to judgment as a matter of law” on a theory that plaintiff is defendant’s statutory employee, La.R.S. 23:1061. To the contrary, the allegedly undisputed factual circumstances suggest a conclusion that plaintiff is not defendant’s statutory employee.
Defendant’s business is storing, transshipping and exporting grain. Its employees do normally maintain its extensive facilities. But they do not do sandblasting, and defendant has no sandblasting equipment. The industry practice is to employ outside contractors for sandblasting.
Defendant’s “marine leg” (an endless belt conveyor with cups to extract grain from barges) is essential to its business, and for that reason, either sandblasting and painting or replacement may be said to be essential to defendant’s continuation in business. Yet defendant did not make sandblasting (or belt replacement) a part of its method of doing business any more than any business would unavoidably make building construction a part of its business by the mere circumstance that it must have and therefore contracts to construct a building for the operation of its business.
Summary judgment for defendant was therefore improperly entered.
Reversed.