STOULIG, Judge,
concurring.
Plaintiff, an employee of Flettrich Environmental Services, Inc., was injured while performing work in fulfillment of his employer’s subcontract with Ebasco, an agent of Louisiana Power & Light (LP&L). Because of this contractual relationship, plaintiff became the statutory employee of the defendant under R.S. 23:1061[1] and as such his exclusive remedy to be compensated for his job-related injury is restricted to an action for workmen’s compensation benefits. (R.S. 23:1032)
In addition, plaintiff has no right to maintain his suit for damages arising out of *855 the alleged negligence of LP&L as the owner of the property. Louisiana does not recognize the dual capacity doctrine of liability. In Hebert v. Gulf States Utilities Co., 369 So.2d 1104, 1107 (La.App. 1st Cir. 1979) the court held:
“Is the landowner to be held liable in tort for breach of legal obligations when he is also immune from tort actions because he is also the statutory employer of the employee? We find that he cannot. We have reviewed extensively the dual capacity doctrine and find it inapplicable. Even if the doctrine were viable in Louisiana, the allegations of fault against the landowner are really failure to furnish employee a safe place to work.”
Having concluded that the pleadings and evidence in this matter clearly demonstrate that plaintiff has no right of action sounding in tort against the defendant, this court, acting under the authority of C.C.P. art. 927,[2] should declare this conclusion as an additional basis for affirmation of the judgment of the trial court.

AFFIRMED.

. In Gray v. Louisiana Power and Light Company, 247 So.2d 137 (La.App. 4th Cir. 1971) this court held that the construction and maintenance of plants for the transmission of electricity was authorized by the charter of Louisiana Power & Light Company and that employer-employee relationships arising out of contracts in pursuance of the objects of its charter would fall within the purview and scope of the workmen’s compensation statutes.

. Rosenthal v. Caballero, 309 So.2d 797 (La.App. 4th Cir. 1975).