WATKINS, Judge.
This is an action for workmen’s compensation or alternatively wrongful death brought by Rose Goodie Sassau as survivor arising out of the death of her son, Ricky Paul Sassau. Made defendants were fifteen parties, the only parties pertinent to our discussion being Sun Production Company and Sun Oil Company, which moved for summary judgment on their behalf. Summary judgment was granted, dismissing Sun Production Company and Sun Oil Company as parties defendant. We amend and affirm.
Plaintiff alleges that Sassau was killed while working as a derrick hand in the Chacahoula Field, Lafourche Parish, on May 11, 1978, when the oil drilling rig he was working on fell over. Plaintiff further alleges that the rig was operated for Sun Production and/or Sun Oil. Sassau was alleged to be an employee of Louisiana Workover Service, Inc., a co-defendant.
It appears from an affidavit in support of summary judgment filed by Sun Production and Sun Oil executed by Nelson J. Sapp, District Manager of Sun Oil, that Sun Production was an operating division of Sun Oil, and that Workover was engaged in work on the rig on which Sassau was killed on or about May 11, 1978.
The full affidavit reads as follows:
“BEFORE ME, the undersigned authority, duly commissioned and qualified within and for the State and Parish aforesaid, personally came and appeared Nelson J. Sapp who, being by me first duly sworn deposed and said that:
He is presently employed by Sun Oil Company (Delaware) in the position of District Manager;
In such position, he is familiar with the general business and operations conducted by Sun Oil Company (Delaware) and its several operating divisions, including Sun Production Company, in the State of Louisiana;
The trade, business and occupation in the State of Louisiana of Sun Oil Company (Delaware) and its several operating divisions is the exploration, drilling, production, sale and refining of hydrocarbon minerals, which activities include the working and reworking of oil and gas wells;
From time to time Sun Oil Company (Delaware) finds it necessary or convenient to contract with certain persons, firms or corporations to perform services to assist Sun in its business;
In connection with his position with and on behalf of Sun Oil Company (Delaware), he executed one such contract, entitled ‘Master Well Work Agreement’ and dated December 23, 1975, with Louisiana Workover Service, Inc. (a copy of which contract is attached to this affidavit and is identified as Exhibit ‘A’ by the affi-ant);
He is familiar with work undertaken and in progress by and/or for Sun Oil Company (Delaware) on or about May 11, 1978, in the vicinity of Louisiana Highway 309 on the Tabor Lease No. 1, Cha-choula (sic) Field, Lafourche Parish, Louisiana, and with the fact that Louisiana Workover Service, Inc. was engaged in such work pursuant to its hereinabove described contract with Sun Oil Company (Delaware);
The type of work performed by Louisiana Workover Service, Inc. pursuant to the hereinabove described contract was the same or similar to that normally and ordinarily performed by and for Sun Oil Company (Delaware) and its several operating divisions in the course of its business in the State of Louisiana and elsewhere; and
*18 He makes this affidavit based on his own personal knowledge and information.
/s/ Nelson J. Sapp”
(It will be noted that although a copy of the contract entitled “Master Well Work Agreement” was mentioned as being attached to the Affidavit as Exhibit “A”, the copy of the contract is not in the record before us.)
No counter-affidavits were filed by plaintiff.
Sun Oil and Sun Production contend that Sun Oil and Sun Production were the statutory employers of Sassau under the Workmen’s Compensation Act, and, hence, plaintiff’s exclusive remedy is by workmen’s compensation. See LSA-R.S. 23:1032, 23:1062; Broussard v. Heebe’s Bakery, Inc., 263 La. 561, 268 So.2d 656 (1972).
Plaintiff contends the affidavit in support of summary judgment was not sufficiently explicit. We cannot agree.
The petition alleges that Sassau was a derrick hand employed by Workover when he was killed. Workover contracted with Sun Oil to perform the work on the rig. The work done by Workover was that which was a part of the “trade, business or occupation” which Sun Oil and its operating divisions customarily performed, and which Sun Oil entered into a contract with Work-over to perform. Thus, Sun Oil is the statutory employer of Sassau, and Sassau was its statutory employee. Hence, Sun Oil is liable solely in workmen’s compensation. Sun Production, a mere operating division of Sun Oil, is free from tort liability.
Hence, Sun Oil and Sun Production were properly dismissed in tort. However, as Sun Oil and Sun Production admit, they are principals in workmen’s compensation under LSA-R.S. 23:1062. Hence, they may possibly be held for workmen’s compensation. Plaintiff does not pray for relief solely in tort.
Summary judgment may be granted dismissing a claim in tort, while not dismissing a claim for workmen’s compensation. See Beard v. Assumption Parish Police Jury, La.App. 1st Cir., 413 So.2d 923. Hence, we dismiss plaintiff’s tort claim, while permitting plaintiff to pursue a claim for workmen’s compensation benefits.
The judgment of the trial court is amended in part as above indicated and as thus amended affirmed, all costs to be paid by appellant.
AMENDED AND AFFIRMED.