421 So.2d 1161 (1982)
Kenneth HONEYCUTT
v.
INTERNATIONAL PAPER COMPANY, et al.
Milton ROBERTS
v.
LOUISIANA POWER & LIGHT COMPANY and International Paper Company, et al.
Charles W. SANDERS and Kathern Wallace
v.
LOUISIANA POWER & LIGHT COMPANY and International Paper Company, et al.
Nos. 15012 to 15014.
Court of Appeal of Louisiana, Second Circuit.
October 25, 1982.
Rehearing Denied December 9, 1982.
DeBlieux & Hurder by J.D. DeBlieux, Baton Rouge, for plaintiff-appellant, Kenneth Honeycutt.
Cook, Yancey, King & Galloway by Herschel E. Richard, Jr., Shreveport, for defendant-appellee, International Paper Co.
Bruscato, Loomis, Deal & Street by Anthony J. Bruscato, Monroe, for plaintiffs-appellants, Milton Roberts and Charles W. Sanders and Kathern Wallace.
Before HALL, FRED W. JONES and SEXTON, JJ.
HALL, Judge.
The plaintiffs in these three consolidated tort suits appeal from a summary judgment rejecting their demands against defendant, International Paper Company. Finding that the evidence submitted by the defendant in support of its motion for summary judgment does not establish undisputed facts sufficient to compel judgment in its favor as a matter of law, we reverse, overrule the motion for summary judgment, and remand for further proceedings.
The plaintiffs are the father of the minor Joseph W. Honeycutt, the parents and survivors of Charles Ricky Sanders, and Milton Roberts. Honeycutt and Roberts were injured and Sanders was killed while doing sandblasting work at International Paper Company's milk carton plant in Bastrop when a metal ladder they were carrying *1162 came into contact with high voltage power lines providing electricity to the plant. These suits for damages were filed against multiple defendants including International Paper Company alleging joint negligence and strict liability on the part of the defendants. The three men were all employees of Lester Braddock d/b/a Braddock Welding Service who had been hired by Mobile Washing Systems, Inc. to do certain work on the exterior surface of defendant's plant pursuant to a contract Mobile Washing Systems had with the defendant to clean and seal the entire exterior surface of the plant.
International Paper filed a motion for summary judgment, supported by the affidavits of two of its supervisory employees and a copy of its contract with Mobile Washing Systems, contending that the work being done by the employees of the subcontractor at the time of the accident was a part of the defendant's trade, business, or occupation and that pursuant to LSA-R.S. 23:1061 and 1032 the plaintiffs' exclusive remedy is for workers' compensation benefits. The essence of the affidavits is that the work being done was part of the routine maintenance necessary to maintain the building and that the work being performed was the type of work regularly performed by maintenance men employed by defendant at another plant, but the work had been contracted out at this plant for convenience and economic reasons. No counter-affidavits were filed by plaintiffs. The trial court held that the facts recited in the affidavits must be considered true because they were not controverted by the plaintiffs, that there was no issue of material fact, and that the work being done was part of the defendant's trade, business, or occupation because it was routine repair and maintenance which is a part of the regular business of a manufacturing plant.
On appeal plaintiffs urge that the affidavits offered by defendant in support of its motion for summary judgment are insufficient to negate the existence of genuine issues of material fact and do not contain sufficient facts, as distinguished from conclusions, to warrant judgment for the defendant as a matter of law.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Jones v. Prudential Insurance Company of America, 415 So.2d 223 (La.App.2d Cir.1982). A summary judgment is warranted only when reasonable minds must inevitably conclude from the facts before the court that the mover is entitled to judgment as a matter of law. The mover must carry the burden of proving that there is not a genuine issue of material fact in dispute. Any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Jones v. Prudential Insurance Company of America, supra; Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). Ultimate or conclusionary facts and conclusions of law contained in supporting affidavits cannot be utilized on a summary judgment motion. Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982).
The determination of whether a principal is a statutory employer must be made on a case-by-case basis. Sisk v. Insurance Company of North America, 356 So.2d 1109 (La.App.2d Cir.1978).
There is a multitude of cases dealing with the issue of whether certain work is a part of the principal's trade, business, or occupation within the meaning of LSA-R.S. 23:1032 which provides:
"The rights and remedies herein granted to an employee or his dependent * * * shall be exclusive of all other rights and remedies of such employee * * * against his employer, or any principal * * *. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to *1163 perform and contracts with any person for the execution thereof. * * *" See Malone and Johnson, Workers' Compensation 2d Edition, §§ 364, 126, 128, 78, and the cases cited therein, and the review of cases in Traylor v. Shell Oil Company, 400 So.2d 342 (La.App.4th Cir.1981).
In determining whether particular repair and maintenance work is a part of defendant's trade, business, or occupation, the courts have considered whether the work is routine, ordinary, regular or usual, whether the particular defendant or the industry customarily does the particular work with its own employees, whether the defendant has employees on its payroll who regularly perform the work, whether the work is essential to or an integral part of the defendant's business, whether the work is frequent, continuous or day-to-day, and other factors. No one factor is determinative. In this case, the evidence supporting defendant's motion for summary judgment does not reflect sufficient facts relating to the various criteria to compel a finding as a matter of law that the work being done was a part of defendant's business.
The contract between International Paper Company and Mobile Washing Systems, Inc. was for the cleaning and sealing of the entire exterior surface of the building housing defendant's milk carton plant. Defendant's supporting affidavit states that "from time to time it is necessary to perform maintenance on the concrete exterior surface of the building." This statement does not, however, reveal how often maintenance is performed, what type of maintenance is performed, or whether any work of the type being performed in this instance, sandblasting, caulking, and sealing, had ever been performed on the plant building since it was occupied by the defendant in 1970.
The affidavit states that the work involved in cleaning and sealing the exterior surface of the building was part of the routine maintenance necessary to maintain the building and thus keep the plant in operation and this maintenance was a part of the regular trade, business, and occupation of defendant. This statement is conclusionary in nature rather than factual. The statement does not contain facts upon which a determination that the work was "routine" could be based. The affidavit states that the work being performed at the time of the accident was caulking and sandblasting which is the type of work regularly performed by maintenance men employed by defendant at another plant. Again, "type of work" is a vague term and the affidavit does not state that caulking and sandblasting the exterior of buildings is work regularly performed by its employees at another plant.
The affidavits do not set forth facts which show that the cleaning, sandblasting, sealing, and caulking of the exterior of a concrete building is ordinary, routine maintenance and repair. They do not set forth facts which show that defendant has employees who do that specific work either at this plant or other plants, or that industry practice is to do this specific work with the manufacturer's own employees.
Plaintiffs cite cases in which the tort immunity defense was rejected or found not to be established on motion for summary judgment. Thompson v. South Central Bell Tel. Co., supra; Lushute v. Diesi, 354 So.2d 179 (La.1978); Caldwell v. George Sproull Co., 184 La. 951, 168 So. 112 (1936); Shipp v. Bordelon, 152 La. 795, 94 So. 399 (1922); Brown v. State Farm Fire and Casualty Company, 407 So.2d 1251 (La.App.3d Cir.1981); Gunnels v. Farmers Export Company, 394 So.2d 766 (La.App.3d Cir.1981); Rappattoni v. Commercial Union Assurance Company, 378 So.2d 953 (La.App.3d Cir. 1979). Defendant likewise cites cases where the tort immunity defense was upheld, either on motion for summary judgment or after trial. Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137 (1951); Thibodeaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950); Traylor v. Shell Oil Company, supra; Redler v. Louisiana Power & Light Company, Inc., 383 So.2d 409 (La.App.4th Cir.1980); Sisk v. Insurance Company of North America, supra; Wofford v. Dow Chemical Co., 335 So.2d 536 (La.App. 1st Cir. *1164 1976); Foster v. Western Electric Company, Inc., 258 So.2d 153 (La.App.2d Cir.1972). Suffice it to say that each case is to be decided on its own facts, and that the material facts of the instant case have yet to be fully developed, requiring trial on the merits.
For the reasons assigned, the judgment of the district court is reversed and set aside, the motion for summary judgment is overruled, and these cases are remanded to the district court for further proceedings.
Reversed and remanded.