COLE, Judge.
This is an appeal from a summary judgment dismissing plaintiff’s tort action against defendants City of Baton Rouge and the Parish of East Baton Rouge. At issue is the question of whether reasonable minds could differ on the material issue of fact as to whether the construction of the Governmental Building was part of City-Parish’s regular trade, business, or occupation. Since we conclude defendants have not established undisputed facts which compel judgment in their favor as a matter of law, we reverse and remand for further proceedings.
Plaintiff was severely injured while doing electrical work on the East Baton Rouge Parish Governmental Building. At the time of his injury, plaintiff was an employee of Saia Electric Company, an electrical subcontractor for Charles Carter & Company, the general contractor for the construction of the building. Plaintiff filed suit against a number of defendants, including architects, engineers, electrical components manufacturers, foreign insurance companies, and the City-Parish.
The City-Parish filed a motion for summary judgment contending plaintiff is its statutory employee under La.R.S. 23:1061[1] *64 and is therefore limited to compensation as his exclusive remedy under La.R.S. 23:1032.[2] The trial court concluded that because state and municipal law authorized the City-Parish to build and maintain such public places,[3] it is a “principal” within the meaning of La.R.S. 23:1032 when engaged in the construction of such a facility.
However, in order for a person to be a principal within the meaning of La.R.S. 23:1032, he must have undertaken to execute “work which is part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.” Therefore, in order for defendants to prevail on its motion for summary judgment, they had the burden of proof to establish by means of pleadings, depositions, answers to interrogatories, admissions on file, or affidavits that there is no genuine issue as to this material fact. La.Code Civ.P. art. 966. Any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits to revolve disputed facts. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981).
In Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982), the Supreme Court held conclusory statements of ultimate fact or law, i.e., that work performed by the plaintiff was part of defendant’s trade, business, or occupation, cannot be utilized on a motion for summary judgment. There must be facts in the record which affirmatively indicate that the work performed by the plaintiff was indeed an ordinary, routine element of defendant’s business. See Honeycutt v. International Paper Co., 421 So.2d 1161 (La.App. 2d Cir.1982). Defendants failed to produce any affidavits which establish such facts. The only exhibit in support of its motion was a copy of the building contract between the City-Parish and Charles Carter & Company, the general contractor. This contract does not establish that the construction of a new governmental building is a customary and routine part of the City-Parish’s business.
As mentioned above, the trial court’s holding was based upon the premise that since state and municipal law authorized the construction of government buildings, such construction was part of the City-Parish’s regular trade, business, or occupation. There is some apparent support for this holding. See Gray v. Louisiana Power and Light Company, 247 So.2d 137 (La.App. 4th *65 Cir.1971), writ denied, 259 La. 59, 249 So.2d 202 (La.1971); Richard v. National Surety Corporation, 99 So.2d 831 (La.App. 1st Cir. 1957). Both of these cases dealt with the construction of electrical power facilities which were authorized by LP & L’s corporate charter in the Gray case and by the legislative act incorporating the City of Lafayette in the Richard case. The courts held that since LP & L and the City of Lafayette were empowered to do this work themselves, they could not exempt themselves from the provisions of La.R.S. 28:1061 by contracting out the work. However, a close reading of these cases reveals that both LP & L and the City of Lafayette were actively engaged in the business of producing and transmitting electric power to the public and that the plaintiffs suffered work-related accidents while engaged in an integral and necessary part of this business.
We do not believe that simply because the City-Parish had the authority to engage in construction work, such construction work thereby becomes part of the regular trade, business, or occupation of municipal and parish government. “The important question is what the principal and others similarly situated customarily do in their business, not what they are authorized to do.” 1 Malone & Johnson, Workers’ Compensation Law and Practice § 126 in 13 Louisiana Civil Law Treatise 260-61, n. 36 (1980).
The determination of whether a particular activity constitutes a part of the trade, business, or occupation of a principal must be decided on the facts of each case. Lushute v. Diesi, 354 So.2d 179 (La.1978). The necessary facts concern whether or not the alleged statutory employer normally does such work with its own employees, or whether it consistently engages others with special skills and equipment to do the work. Does it have the necessary manpower and expertise to undertake such work? Has it ever engaged in such an activity before? Only when these and other similar facts[4] are established can a court determine statutory employer status. These facts have not been established in the record of this suit.[5]
Since defendants have failed to produce uncontroverted facts which establish that they are entitled to judgment as a matter of law, the motion for summary judgment should have been denied. See Blount v. Exxon Corp., 395 So.2d 355 (La.App. 1st Cir.1981).
For the above reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings. Defendants are to bear the cost of the appeal.
REVERSED AND REMANpgD.

. “Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensa *64 tion is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
“Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.”

. “The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word ‘principal’ shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
“Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
“The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.”

. See La.R.S. 33:4673, 33:4713; La.Acts 1898, No. 169, § 20; and § 5.02, Plan of Government of the Parish of East Baton Rouge and the City of Baton Rouge.

. See, Malone & Johnson, supra, § 364, for a discussion of the factors which are normally considered by Louisiana courts in determining statutory employer status.

. Even though La.R.S. 33:4713 mandates each parish to provide facilities for certain state offices, this does not necessarily mean the construction of those facilities is factually a part of the appellee’s business.