448 So.2d 801 (1984)
Steve Michael BUTLER, et al., Plaintiffs-Appellants,
v.
HOME INSURANCE CO., et al., Defendants-Appellees.
No. 16063-CA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
Writ Denied May 25, 1984.
*802 Donald R. Miller, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley by Frank M. Walker, Jr., Shreveport, for defendants-appellees.
Before PRICE, HALL and JASPER E. JONES, JJ.
PRICE, Judge.
Plaintiffs, who were injured in an explosion which occurred during workover operations on an oil well owned and operated by defendant partnership Beebe and Beebe, brought this tort suit against the partnership, the partners individually, their liability insurer, and a partnership employee. From a trial court judgment dismissing plaintiffs' demands in tort, they appealed.
The issues on appeal are whether the defendant partnership was the statutory employer of plaintiffs at the time of their injury, and thus immune from plaintiffs' suit in tort, and if not, whether plaintiffs have borne the burden of proving defendant's negligence or strict liability.
Plaintiffs Butler and Hall were employees of Dewey Williams Oil Well Service Company. They were crew members on a workover rig which had been sent by Williams to pull and repair the tubing on an oil well known as Beebe and Beebe Grant Timbers No. A-1. While the tubing was being pulled from the well, the well "kicked in" and caught fire. Butler, who was up on the derrick at the time of the explosion, was severely burned and fell from the derrick fracturing his leg. Hall was on the floor of the well at the time and was also burned.
Plaintiffs sued defendants in tort, alleging negligence of the well supervisor and strict liability. Defendants claimed immunity from plaintiffs' action in tort as statutory employers under the provision of La. R.S. 23:1032 and 23:1061. The trial court found that the owners of the well are statutory employers and dismissed the plaintiffs' suit on this basis.
Our workers' compensation law provides that where a principal contracts out to another person work which is part of his trade, business, or occupation, he is liable for workers' compensation due any employee of the contractor as if the employee was his own. La.R.S. 23:1061. Coincident with the responsibility placed upon the statutory employer, the recovery of a contractor's employee from the principal is limited to compensation benefits. La.R.S. 23:1032. Thus, a statutory employer cannot be sued in tort. However, if the work performed *803 by the contractor is not part of the defendant's "trade, business, or occupation," he is not a statutory employer and is not immune from plaintiffs' tort action. The question, then, is whether the workover operations being performed by plaintiffs at the time of the explosion were part of Beebe and Beebe's trade, business, or occupation.
Defendants had engaged plaintiffs' immediate employer to perform repair work on one of their Webster Parish wells. In determining whether a particular repair and maintenance activity is a part of defendant's trade, business, or occupation, the courts have considered whether the work is routine, ordinary, regular, or usual, whether a particular defendant or the industry as a whole customarily does the particular work with its own employees, whether the defendant has payroll employees who regularly perform the work, whether such work is essential to or an integral part of defendant's business, whether the work is frequent or continuous, and other factors. Honeycutt v. International Paper Company, 421 So.2d 1161 (La.App. 2d Cir.1982)
However, no single factor is determinative. Courts must look to the particular facts and circumstances of each individual case in order to determine whether a particular activity falls within the scope of the principal's trade, business, or occupation. Lewis v. Exxon Corporation, 441 So.2d 192 (La.1983), on rehearing. As the Supreme Court stated in Lewis:
Generally, in order for a work or project to be within a principal's trade, business, or occupation, it must be routine or customary, Benson v. Seagraves, 436 So.2d 525 (La.1983); Reeves v. Louisiana and Arkansas Railway Company, 282 So.2d 503 (La.1973), or some other type of activity which is necessary for the principal's day-to-day operation. Put another way, the works contemplated by the statute are those activities which are an actual part of the nature and purpose of the principal's enterprise.
Beebe and Beebe is engaged in oil production in both Louisiana and Arkansas. In Arkansas, the Beebe's (either in partnership or individually) also operate a pipe company, drilling corporation, roustabout crews, and workover crews for servicing of their wells. The Webster Parish unit owned by Beebe and Beebe is comprised of three wells. Their only immediate employees in the area were a pumper, John Robinson, and a field supervisor, Dale Farthing. Beebe does not operate a workover crew in Webster Parish because the field is considered too small to warrant the expense. Since the three wells do not require a full-time workover rig, but workover operations are necessary from time to time, it has been Beebe's custom to call on Dewey Williams Oil Well Servicing Company for jobs requiring repair of the rods and tubing of these three wells because they had the necessary equipment and expertise.
The workover operations being performed by the plaintiffs primarily involved the pulling of tubing, rods, and casing to look for and repair leaks in the well. Dale Farthing testified that such repair work was a part of the normal operation of the well. J.S. Beebe, Jr. testified that workover operations are necessary to the continued operation of the well and are a routine part of oil production. A.V. Beebe testified in deposition that workover is done on a need basis and therefore not "regular" as that term is ordinarily understood. However, it is essential to continued production of oil and is usually required on an average of two to four months for an individual well.
Dewey Williams, owner of the servicing company, testified that his company performs workovers for many large oil corporations such as Gulf, Pennzoil, and Phillips Petroleum, to name a few, which do not maintain workover rigs in the Webster Parish area, as well as for small independents like Beebe and Beebe.
In contending that they are not statutory employees of defendants, plaintiffs rely primarily on Lewis, supra, wherein the Supreme Court, on rehearing, held that plaintiff, *804 who was injured during installation of an orifice run, which was part of an Exxon project to convert an existing structure to suit a new purpose, was not a statutory employee of Exxon. That case differs factually from the instant one in that Exxon no longer performed any of its own construction projects, the conversion was a one-time activity, and it was not necessary to Exxon's continued operations in oil and gas production.
In Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978), a case more closely analogous to the present one, plaintiffs were injured while repairing a gas flow line at Sun's Sweet Bay Lake oil production facility. They were employees of Weco which Sun had engaged to perform its repair and maintenance at the plant because it was not feasible to use its own employees for this kind of work at this particular location. Sun did use its own employees for maintenance and repair at other production facilities. The activity in Barnes, as here, consisted of routine repair and maintenance services performed as an essential and integral part of the principal's business and the court concluded that Sun was a statutory employer under these circumstances. See also Sassau v. Louisiana Workover Service, Inc., 418 So.2d 16 (La.App. 1st Cir. 1982), in which workover operations contracted out by Sun Oil were held to be part of its trade, business, or occupation.
It is evident that workover operations are an integral and necessary part of the oil production business and are routinely performed. Although Beebe and Beebe customarily contracts such operations out to servicing companies with respect to its Louisiana wells, they do employ their own personnel to do workover work on wells in other areas. It is clear that the workover operations being performed here were an activity necessary for Beebe's continued day-to-day operations. In the ordinary course of things, a well's production would often cease completely without workover operations for maintenance and repair. We find this activity was an actual part of the nature and purpose of Beebe and Beebe's oil production enterprise, and, as such, falls within the contemplation of La. R.S. 23:1032. Lewis v. Exxon Corporation, supra. We therefore find the trial court's holding with regard to defendant's status as a statutory employer was correct. It is therefore unnecessary for us to consider the other issues presented on appeal.
For the reasons assigned the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.