SEXTON, Judge.
In these cases which were consolidated below, plaintiffs Ruth Thomas and Howard Seamster, and intervenor St. Paul Fire and Marine, appeal from the granting of a summary judgment finding a statutory employer-employee relationship which precluded plaintiffs’ tort action. We conclude that the evidence submitted by the proponents of the motion does not establish facts which are undisputed and legally sufficient as a matter of law to compel the granting of a summary judgment. Consequently, we reverse the granting of the summary judgment and remand for further proceedings.
This litigation arises as the result of a fire which occurred at the Kerr-McGee Refinery in Cotton Valley, Louisiana on May 20, 1982 where Kerr-McGee processes crude oil into various naphthas such as cleaning solvents, paint thinner, gasoline and butane. Howard Seamster, Jr. and Jimmy Lee Thomas, employees of Danny Haynes Contracting Services, Inc., were painting the processing unit at the refinery when flammable substances escaped and came in contact with an ignition source causing an explosion and fire. Both Seam-ster and Thomas sustained serious injury. Jimmy Lee Thomas eventually died from his injuries on August 13, 1982.
Howard Seamster, Jr. and Ruth L. Thomas, in her individual capacity as widow of Jimmy Lee Thomas and as natural tutrix of her minor child, Rutina Michell Thomas, brought suit against Kerr-McGee Refining Corporation, Kerr-McGee Corporation, Cotton Valley Solvents Company, S.A. Maxwell, Technical Sales, Inc., and Goodyear Tire and Rubber Company, among others. St. Paul Fire and Marine Insurance Company, the worker’s compensation carrier of Danny Haynes Contracting Services, Inc., intervened into the lawsuit seeking subro-gation to the claims of plaintiffs against third party tortfeasors to the extent of the amounts paid in worker’s compensation benefits.
Defendants, Kerr-McGee Refining Corporation and S.A. Maxwell, filed a Motion for Summary Judgment claiming that the pleadings, depositions and affidavits attached showed that Seamster and Thomas were engaged in the course and scope of their employment at the time of this accident for Danny Haynes Contracting Services, Inc. and were performing services on the Kerr-McGee Refining Corporation premises by virtue of a contract between the Kerr-McGee Refining Corporation and Danny Haynes Contracting Services, Inc. Under the terms of the agreement, Danny Haynes Contracting Services, Inc. was to “clean and paint process unit as instructed.” The defendants argued that the work being done at the time of the injury was part of Kerr-McGee Refining Corporation’s trade, business or occupation within the meaning of LSA-R.S. 23:1061. Therefore, the proponents of the motion argued that plaintiffs’ exclusive remedy was under the Louisiana Workers Compensation Act, as Kerr-McGee would be considered a statutory employer, and would consequently be immune from a tort action. Plaintiffs and intervenor filed no affidavits in opposition.
The trial court found that the painting being performed by the injured painters was a routine and customary part of the trade, business, or occupation of Kerr-McGee; therefore, the trial court granted the Motion for Summary Judgment dismissing plaintiffs’ petition against Kerr-McGee Corporation and S.A. Maxwell. This judgment forms the basis of this appeal.
On appeal, plaintiffs and intervenor argue that the granting of the summary judgment was improvident because a genuine issue of material fact remains to be *1141 resolved, i.e., whether the painting of the processing unit was part of the trade, business or occupation of Kerr-McGee. .
Our worker’s compensation law provides that where a principal contracts to another person work which is part of his trade, business, or occupation, he is liable for worker’s compensation due any employee of the contractor as if the employee was his own. LSA-R.S. 23:1061; Butler v. Home Insurance Company, 448 So.2d 801 (La. App. 2d Cir.1984), writ denied, 450 So.2d 954 (La.1984). Coincident with the responsibility placed upon the statutory employer, the recovery of a contractor’s employee from the principal is limited to compensation benefits. LSA-R.S. 23:1032; Butler, supra. Thus, a statutory employer cannot be sued in tort. However, if the work performed by the contractor is not part of the defendant’s “trade, business or occupation” he is not a statutory employer and is not immune from plaintiff’s tort action. Butler, supra.
In Lewis v. Exxon Corporation, 441 So.2d 192 (La.1983), on rehearing, the Supreme Court enunciated a two-pronged test for determining the existence of a statutory employer relationship. According to Lewis, the “work” must initially be part of the principal’s “trade, business or occupation.” Secondly, the principal must have been engaged in that trade, business or occupation at the time of the injury. Absent either of these two conditions, the injury will not come within the scope of the worker’s compensation program.
In Rowe v. Northwestern National Insurance Company, 471 So.2d 226 (La. 1985), the Supreme Court reiterated that:
... the determination of whether a principal is a statutory employer is a factual question and must be determined on a case by case basis. Lewis v. Exxon Corporation, supra. Generally, in order to be within a principal’s trade, business or occupation, it must be routine or customary. Lewis v. Exxon Corporation, supra; Benson v. Seagraves, 436 So.2d 525 (La.1983). If the work being performed by the contractor’s employee is customarily performed by employees of the principal, it is part of the principal’s trade business or occupation. Benson v. Seagraves, supra. General maintenance and repair work, which by their nature allow the smooth and continued operations of the principal, are part of the trade, business or occupation of the principal. Lewis v. Exxon Corporation, supra; Barnes v. Sun Oil Co., supra; 1C A. Larson, the Law of Workmen’s Compensation, § 51.23 (1982). The scope of the statutory “work” also is important. The specific task to which an individual employee is put should not be determinative of his coverage under the act. Instead, the entire scope of the work contract must be considered. Lewis v. Exxon Corporation, supra; Malone, Principals Liability for Workmen’s Compensation to Employees of Contractors, 10 La. L.Rev. 25 (1949).
Thus, in order for Kerr-McGee to be the statutory employer of Seamster and Thomas under LSA-R.S. 23:1032, Kerr-McGee must show that the work performed by Seamster and Thomas was a part of Kerr-McGee’s trade, business, or occupation” and that Kerr-McGee was engaged in that trade, business or occupation at the time of the injury.
In defendants’ motion for summary judgment, it is stated that the contract between Kerr-McGee and Danny Haynes Contracting Services, Inc. was to “clean and paint process unit as instructed.” Defendant’s supporting affidavit, prepared by Clarence D. Dykes, the plant manager, stated that in May, 1982 and for several years prior to that date, Kerr-McGee Refining Corporation had a regular and full time maintenance department composed of a maintenance foreman and approximately six employees. The affidavit further stated that Larry Hampton, an employee of the maintenance department, was responsible for all painting carried on at the refinery. Dykes’ affidavit further revealed that if sufficient maintenance personnel were available, all maintenance work, including painting at the refinery, was done by in-house person *1142 nel or full time regular employees of the maintenance department. In the affidavit, Dykes explained that, in the event of the shortage of personnel or an excessive amount of needed maintenance work, outside contractors were employed. He also noted that the painting of the processing unit was “usual maintenance work at the refinery and is part of the ongoing maintenance program.” The affidavit also stated that the processing unit was painted or scheduled for painting approximately every five years. On the last occasion prior to 1982 that the processing unit was painted, it had been painted by a full-time employee, Larry Hampton, with the assistance of other persons hired for that specific job. The affidavit further stated that Danny Haynes Contracting Services, Inc. was hired to paint the processing unit and was in the process of painting the unit at the time of the fire and explosion on May 20, 1982 because Kerr-McGee Refining Corporation did not have enough of its regular employees available for this work. . Finally, the affidavit stated that at the time of the fire and explosion on May 20, 1982, Larry Hampton was involved in painting another project at the refinery which was part of the ongoing maintenance program.
In his deposition, Larry Bernard Hampton stated that he had been employed by Kerr-McGee for nineteen years in the maintenance department. His job entailed painting and insulation work. At the time of the fire, Hampton stated that he had one other painting helper, Abe Washington. He explained that at the time of the fire, Kerr-McGee employed no other painters besides himself and Washington. Hampton stated that up until the time of the fire, he and his helper did all of the painting with the help of contract labor when needed. Hampton noted that he had painted the processing unit in the past with the help of Abe Washington and contract labor. Hampton testified that he had painted some tanks in the past with the help of contract labor who worked under his supervision. He further stated that painting the processing unit was the only painting job that he did not supervise. Hampton stated that Kerr-McGee hired “contract labor” as opposed to “college help” through a contractor, and that the employeés were not employed by Kerr-McGee.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Honeycutt v. International Paper Company, 421 So.2d 1161 (La.App.2d Cir.1982); Jones v. Prudential Insurance Company of America, 415 So.2d 223 (La.App. 2d Cir.1982). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980); Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App.2d Cir. 1984).
A fact is material if its existence or non-existence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are “material” if they potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Sanders v. City of Blanchard, 438 So.2d 714 (La.App.2d Cir.1983). Ultimate or con-clusory facts and conclusions of law contained in supporting affidavits cannot be utilized on a summary judgment motion. Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982); Honeycutt v. International Paper Company, supra.
After examining the pleadings, depositions, and supporting affidavits, we have concluded that genuine issues of material fact remain to be resolved. In this instance, as in Honeycutt v. International Paper Company, supra, the term “rou *1143 tine” maintenance is conclusory in nature rather than supported by the facts as is the term “ongoing maintenance program.” The documentation supporting the motion does not disclose sufficient facts upon which a determination can be made that maintenance work of this magnitude was customarily performed by Kerr-McGee employees so as to be considered routine maintenance or part of an ongoing maintenance program. Additionally, there are no facts to show that industry practice is to perform this specific job with the company’s own employees. Furthermore, the documentation does not sufficiently explore the extent of the use of contract labor or the relationship of the contract labor with Kerr-McGee. Additionally, although a photograph is included with arrows indicating the location of the processing unit, the photograph is confusing and does not give an adequate indication of the scope of this job.[1]
In conclusion, then, we find that further development of the facts in this cause is warranted and that summary judgment is not appropriate as a matter of law.
For the reasons assigned, the judgment of the district court is reversed and set aside. The motion for summary judgment is overruled, and these consolidated cases are remanded to the district court for further proceedings.
REVERSED AND REMANDED.

. We are aware of the case of Forno v. Gulf Oil Corporation, 699 F.2d 795 (5 Cir.1983) wherein it was held that plaintiff, who was employed by a subcontractor engaged to perform routine painting maintenance at Gulfs plant, was a statutory employee of Gulf and thus relegated to Workmen’s Compensation benefits as his exclusive remedy. We express no disagreement with this holding. In that case, the Court was apparently satisfied that the affidavits established the routine nature of the painting in question. We simply hold that the documents presented in support of the present motion for summary judgment do not fully establish the facts.