HARDY, Judge.
This is an action in tort for the recovery of damages for personal injuries. From judgment rejecting plaintiff’s demands he prosecutes this appeal.
The parties before this court are plaintiff-appellant, Thomas A. Mau, and defendants-appellees, Industrial Steel Products Company, Inc., hereinafter referred to as Industrial, and its liability insurer, Aetna Casualty & Surety Company.
Most of the material facts have been established without contradiction, namely, that plaintiff at the time of the accident was an employee of W. T. Rowland, a painting contractor who had entered into a cost plus contract with Industrial for the performance of certain painting of its building and equipment; while standing on an extension ladder engaged in painting a steel column located in the interior of Industrial’s plant, plaintiff was struck by a traveling crane operated by one of Industrial’s employees. There seems to be no doubt as to the negligence of Industrial’s employee.
*655 Plaintiff has received compensation from his employer’s insurer but he instituted this suit under the specific provision of LSA-R.S. 23:1101, that the payment or award of compensation shall not affect the right of action of an injured employee against a third person. The defense is predicated upon the contention that Industrial was the principal in a contract with Rowland for the execution of work which was a part of its trade and business under LSA-R.S. 23:1061, and as a consequence, plaintiff’s exclusive remedy is governed by the Workmen’s Compensation Statute of the State.
In order for the legal defense asserted by defendants to prevail, it must have been established that the work in which the injured employee was engaged at the time of the accident constituted a normal and integral part of defendant’s business. We are convinced from our examination of the record that this has been more than adequately established by the vast preponderance of the evidence. There is no question as to the fact that both Rowland and Industrial were engaged in hazardous enterprises. The weight of evidence clearly justifies the finding that Industrial was engaged in the business of fabricating steel products, which work was conducted in its plant located in Shreveport; that a portion of this plant was composed of a large open metal building constructed of steel and supported by steel columns and beams; that a necessary and essential part of its business included the painting of this building in connection with the maintenance of its plant, as well as the painting of machinery and equipment; that Industrial maintained its own paint department with two full-time employees, who customarily performed the necessary painting operations upon its plant and equipment; that the contract with Rowland to perform painting in its plant was a departure from its usual custom, necessitated by unusual conditions and circumstances which existed at the time.
In view of our finding that the above facts have been established, the conclusion necessarily follows that the work in which plaintiff was engaged at the time of the accident was of such nature and character as constituted a normal and integral part of Industrial’s business which would have imposed responsibility for workmen’s compensation. It is clear that plaintiff’s remedy falls exclusively under the compensation statute.
The question of law here presented was carefully considered and discussed in the opinion of this court in Wynn v. Fidelity & Casualty Company of New York, 85 So.2d 315 (writs denied), and we think the resolution of the instant case is controlled by the principles set forth in the cited case.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.