353 So.2d 349 (1977)
Mrs. James E. KELLY, Jr., Individually and as Curatrix of James E. Kelly, Jr., and the minors, James E. Kelly, III and Tracy Kelly
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Vulcan Materials Company, Gary Milhorne, Al Boudreaux, Jim Sheets, James D. Avants, Norman Neal, M. J. Mott, J. Lockwood, Jean Crook, Ted J. Bagwell & K. Babin.
No. 11614.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Writ Granted February 17, 1978.
Peter T. Dazzio, Baton Rouge, of counsel for plaintiff-appellant Mrs. James E. Kelly, Jr., Ind., etc. et al.
Daniel R. Atkinson, Baton Rouge, and Calvin E. Hardin, Baton Rouge, of counsel for defendant-appellee U. S. Fidelity & Guaranty Company, et al.
Margaret T. Lane, Baton Rouge, for defendant-appellee James Avants.
*350 Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is an action ex delicto by plaintiff, Mrs. James E. Kelly, Jr., both individually and in her capacity as the curatrix of her interdicted husband, James E. Kelly, Jr., as well as administratrix of the estate of her minor children, James E. Kelly, III and Tracy Kelly. Named defendants are Vulcan Materials Company, James Cheeks (sued as Jim Sheets), Al Boudreaux, Gary Malehorne (sued as Gary Milhorne), Kay Babin (sued as K. Babin), George Valcos (sued as George Slacos), Jean Crook, James Avants, Norman Neal, Ted J. Bagwell, M. J. Mott, Harold J. Lockwood (sued as J. Lockwood), and United States Fidelity & Guaranty Company. From a judgment granting a summary judgment holding that Vulcan Materials Company was the statutory employer of James E. Kelly, Jr., and dismissing this tort action as to Vulcan, as well as a judgment granting a motion to strike filed by all defendants as to the allegations by plaintiff, Mrs. Kelly individually and as administratrix of the estates of her minor children, as to their loss because of injuries received by James E. Kelly, Jr., all plaintiffs have appealed.
Vulcan Materials Company owns and operates a chemical plant at Geismar, Louisiana. As part of its maintenance program, it entered into a contract with Bagwell Coating, Inc. to do painting and resurfacing work. Bagwell was described by an employee of Vulcan as being a coating contractor specializing in acid proof cement type coatings. Vulcan also contracted with another company for its other regular maintenance work. The only maintenance personnel employed by Vulcan were approximately 12 instrument electricians.
James E. Kelly, Jr. was an employee of Bagwell, and was at the time of the accident, March 10, 1975, sandblasting the interior glass lining of a tank so as to expose a section of metal to allow repair and relining with glass. Kelly as well as other employees of Bagwell were directed by supervisory employees of Vulcan as to which jobs needed to be done. Only occasionally would supervisory personnel of Bagwell be present at the Vulcan plant. Because of the corrosive nature of some of the chemicals manufactured by Vulcan, it was necessary to constantly refinish metal surfaces, and thus, Bagwell employees were regularly working at the Vulcan plant. Kelly inhaled pure nitrogen and suffered permanent brain damage.
In suing, Mrs. Kelly individually sought damages for being "permanently deprived of support, society and companionship of her husband" and as the administratrix of her minor children sought damages for their having been "permanently deprived of the support, guidance, and companionship of their father."
Vulcan filed a motion for summary judgment contending it was the statutory employer of Kelly, thus his remedy was exclusively in workmen's compensation. All defendants filed motions to strike the allegations of Mrs. Kelly and her children wherein they sought damages because of loss of support, society, companionship and guidance.
In appealing the appellants contend that the Trial Court erred (1) in holding that the activity James E. Kelly, Jr., was engaged in was part of the regular trade, business, or occupation of Vulcan Materials Company since specialized activity was involved and not ordinary maintenance, (2) in stating that there was no genuine issue of material fact and that Vulcan Materials Company was entitled to judgment as a matter of law, (3) in holding that the motion to strike was timely filed in violation of Article 964 of the Code of Civil Procedure, and (4) in treating the motion to strike as an exception of no right or cause of action and further in holding that the wife and children had no right or cause of action for recovery of damages to the interdicted husband and father.

ERRORS NOS. 1 & 2
Appellants strenuously argue that the repair and maintenance work being performed *351 by Bagwell, and in particular, Kelly, was not the ordinary kind of maintenance situation. Maintenance performed by Bagwell was of a highly specialized nature. In deposition it is brought out by Vulcan's own supervisory personnel that it did not have the capacity to do this kind of work, that it had neither painters nor sandblasters on the payroll.
Certainly, the determination of whether a particular company is or is not a statutory employer must be handled on a case by case basis. Unfortunately, we can find no cases of a closely similar nature, nor have any been cited to us. We note, however, a tendency in the cases to distinguish between new or additional construction or reconstruction and repair and maintenance work regardless of how specialized, Reeves v. Louisiana and Arkansas Railway Company, 282 So.2d 503 (La.1973); Jones v. Francis Romero, Inc., 345 So.2d 1286 (La.App. 3rd Cir. 1977).
Admittedly maintenance and repair work in a chemical plant is essential to the continued efficient operation of the plant, and thus, we conclude as did the Trial Judge that such work falls within the regular trade, business or occupation of Vulcan.
After a thorough review of the record in conjunction with the motion for summary judgment, we do not find any genuine issue of material fact. The facts are not in dispute. Appellants in citing Cain v. Witco Chemical Corp., 341 So.2d 1220 (La.App. 1st Cir. 1977) argue that the question of whether or not work is part of the regular trade, business or occupation is a fact question which should go to the jury. However, on reading Cain closely, we do not find where this Court so held. We know of no prohibition in LSA-C.C.P. arts. 966 et seq., so as to prevent the Trial Judge from granting a summary judgment where there are no genuine issues of material fact, and mover is entitled to judgment as a matter of law, simply because a jury trial has been asked for as in this case.

ERROR NO. 3
LSA-C.C.P. art. 964 provides:
"The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter. The motion of a party shall be filed within ten days after service of the pleading upon mover, except that a defendant may move to strike any matter from the petition at any time within fifteen days of the service."
The defendants were served at various times during March of 1976, and the motions to strike were filed in July of 1976. Unquestionably, the motions were untimely, but we find no error on the part of the Trial Judge inasmuch as LSA-C.C.P. art. 964 allows the court "on its own motion" to strike. The Trial Judge, rather than treating the objection as a motion to strike, considered same as the peremptory exception of no right or no cause of action. We find no error. LSA-C.C.P. art. 927.

ERROR NO. 4
The appellants lastly argue that the Trial Judge was in error in dismissing the suit of Mrs. Kelly individually and as administratrix for the estate of her minor children for the loss of support, society, companionship and guidance because of the permanent brain damage received by their husband and father. Quite eloquently and meritoriously these appellants argue to this Court that they have suffered a loss just as seriously and traumatically as if Mr. Kelly had died. We know not the seriousness of the injuries Mr. Kelly received nor their full and lasting effect on the remaining members of his family but be that as it may, we must conclude that there was no error on the part of the Trial Judge in dismissing their portions of this suit. Hickman v. Parish of East Baton Rouge, 314 So.2d 486 (La.App. 1st Cir. 1975), writ refused, 318 So.2d 59 (1975).
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed; all costs of this appeal are to be paid by appellants.
AFFIRMED.