356 So.2d 1109 (1978)
Illie Andrew SISK, Jr., Plaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA and Olinkraft, Inc., Defendants-Appellees,
American Manufacturers Mutual Insurance Company, Intervenor-Appellee.
No. 13487.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1978.
*1110 Milton P. Masinter, Robert D. Edwards, New Orleans, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, Jr., and Thomas M. Hayes, III, Monroe, for defendants-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
BOLIN, Judge.
Plaintiff was employed by an industrial painting firm which had been awarded a cost-plus contract to perform a continuous maintenance program at defendant Olinkraft's paper plant. Plaintiff was painting a boiler in a building open to the weather when he slipped and fell on a stairway. After negotiating a settlement with his employer's workmen's compensation insurer, plaintiff sued Olinkraft and its liability insurer for damages. The workmen's compensation insurer intervened to recoup benefits paid.
Plaintiff alleges his injuries were caused by defendant's negligent failure to correct a known hazardous condition, i. e., the presence of a slippery pool of standing water on the stairway. The trial court found Olinkraft was plaintiff's statutory employer (Louisiana Revised Statutes 23:1061); since it determined plaintiff's exclusive remedy against Olinkraft was the recovery of workmen's compensation benefits (La.R.S. 23:1032), it rejected all demands without considering the question of defendant's negligence. Plaintiff appeals. Agreeing with the trial court's conclusions, we affirm its judgment.
The issue is whether plaintiff has a remedy in tort against defendant Olinkraft. To resolve this issue we must answer two questions: (1) Do the facts indicate Olinkraft was plaintiff's statutory employer? (2) If so, is workmen's compensation the exclusive remedy against Olinkraft?
After modernizing its West Monroe facilities, Olinkraft instituted a program of preventive maintenance. Although it directly employed a small maintenance crew, the corporation determined that its plans for continuous upkeep of plant and equipment would more effectively be implemented by engaging the services of an independent contractor. Plaintiff's employer and other painting firms contracted with Olinkraft to do this work for several years both before and after the date of plaintiff's accident.
La.R.S. 23:1061 provides that a principal is liable for workmen's compensation benefits to the employees of an independent contractor who are injured on the job, if that contractor is performing work which is a part of the principal's trade, business, or occupation. Whether a contractor's activity is a part of his principal's business is primarily to be decided from the facts of each case. Foster v. Western Electric Company, 258 So.2d 153 (La.App.2d Cir., 1972), and cases cited therein.
The evidence in the present case indicates the purpose of the painting program at Olinkraft was to maintain both plant and equipment in good condition, avoiding costly repair and replacement. The program contributed substantially to the efficient operation of Olinkraft's business. Testimony indicated that Olinkraft would have employed a larger maintenance crew to carry out this preventive maintenance had it not decided to engage an independent contractor. Under the facts presented by this record, we agree with the trial court that Olinkraft was plaintiff's statutory employer. See Mau v. Industrial Steel Products Company, 119 So.2d 654 (La.App.2d Cir., 1960).
La.R.S. 23:1032 provides an employee's rights and remedies under the Workmen's Compensation Act are exclusive of all other rights and remedies he might otherwise have had against his employer. We have consistently held the exclusive remedy provision applicable to a statutory employer, *1111 most recently in Pullig v. Shreveport Packing Co., Inc. of Kansas, 342 So.2d 1217 (La.App.2d Cir., 1977), and we adhere to this position.
We are aware of the possible conflict between our holding and the recent decision in Cain v. Witco Chemical Corporation. 341 So.2d 1220 (La.App.1st Cir., 1976), writ denied, 343 So.2d 1079 (La.1977). However, we choose to follow abundant authority upholding the statutory employer defense in tort cases. In so doing, we do not concede that Witco is factually indistinguishable from the present case. If Witco conflicts, we explicitly choose not to follow it. See Kelly v. United States Fidelity & Guaranty Company, 353 So.2d 349 (La.App.1st Cir., 1977); Vincent v. Ryder Enterprises, Inc., 352 So.2d 1061 (La.App.3d Cir., 1977).
The judgment is affirmed at appellant's cost.