369 So.2d 1117 (1979)
Robert BOUDREAUX
v.
Vernon BOUDREAUX et al.
No. 12515.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
Writ Refused April 27, 1979.
Edwin R. Fleischmann, Jr., Andry & Andry, New Orleans, for plaintiff-appellant.
*1118 W. Arthur Abercrombie Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-appellee Highlands Ins. Co.
Daniel R. Atkinson, Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, for defendants-appellees 1st Miss. Corp. & Miss. Chem. Corp. & Triad Chem.
Victor L. Marcello, Talbot, Sotile & Carmouche, Donaldsonville, for defendant-appellee Luke Dipuma.
T. Barry Wilkinson, Port Allen, for defendant-appellee Sline Industrial Painters, Inc.
Before CHIASSON, PONDER and SARTAIN,[*] JJ.
SARTAIN, Judge.
The question before us on this appeal is whether First Mississippi Corporation and Mississippi Chemical Corporation, joint venturers doing business as Triad Chemical, are by virtue of La.R.S. 23:1061 the statutory employer of Robert Boudreaux, plaintiff.
Plaintiff sued in tort to recover for personal injuries he received on July 24, 1975, while working as an employee of Quinco, Inc., at Triad Chemical's plant in Donaldsonville, Louisiana. Named among the defendants were the appellees herein, First Mississippi Corporation, Mississippi Chemical Corporation, and Triad Chemical.[1] Appellees were dismissed in a summary judgment on the grounds that plaintiff's exclusive remedy against them was under the Workmen's Compensation Act. Plaintiff appeals their dismissal. We affirm.
The pleadings, affidavit and depositions before us reveal no dispute as to any material fact.
Triad Chemical owns and operates a chemical plant at Donaldsonville for the manufacture of anhydrous ammonia. At the time of the accident, plaintiff was employed as a pipe-fitter by Quinco, Inc. His work at the Triad plant was performed pursuant to a 1971 contract between Quinco and Triad. This contract, denominated by the contracting parties as a maintenance agreement, describes the scope of the work undertaken by Quinco as follows:
A. Except as otherwise provided in this Agreement, Contractor [Quinco] shall provide all necessary supervisory, skilled, common, clerical and special personnel to perform such routine and preventative maintenance, and such repair, renovation, modification and service work as assigned by Owner [Triad] in connection with Owner's anhydrous ammonia and urea facilities at Owner's Donaldsonville, Louisiana, plant site.
Nothing in the evidence before us indicates that the work performed at Triad by Quinco's employees and by plaintiff in particular was anything other than routine maintenance and repairs. On the night of the accident, plaintiff along with other Quinco employees was assigned to remove the top from a sixty foot high tank so that the bundle of pipes within the tank could be repaired, as one was thought to have ruptured. The job was to be done with the help of an electric cable hoist which ran along a track above the tank on which plaintiff was working. This equipment was a permanent fixture installed by Triad to aid in repairs such as that in which plaintiff was engaged. Plaintiff's injury occurred when the electric hoist malfunctioned causing a cable to lift plaintiff into the air and later drop him. The testimony of both plaintiff and his supervisor indicates that the job plaintiff was performing was routine repair work.
It is appellees' position that the work being done by plaintiff was part of the trade, business, or occupation of Triad thereby making Triad a statutory employer against which the exclusive remedy is in workmen's compensation. La.R.S. 23:1032, 1061.
*1119 The determination of whether a principal is a statutory employer must be handled on a case by case basis. Sisk v. Insurance Co. of North America, 356 So.2d 1109 (La.App.2d Cir. 1978). However, it is well established that as a general rule routine repairs and maintenance, as contrasted with new or additional construction, are part of the regular business of a manufacturing plant. Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978); Reeves v. Louisiana & Ark. Ry. Co., 282 So.2d 503 (La.1973); Sisk v. Insurance Co. of North America, 356 So.2d 1109 (La.App.2d Cir. 1978); Kelly v. United States Fid. & Guaranty Co., 353 So.2d 349 (La.App.1st Cir. 1977), Writ granted 354 So.2d 1383; Duplechin v. Pittsburgh Plate Glass Co., 265 So.2d 787 (La.App.3d Cir. 1972). We find the instant case to be no exception. The work being done by plaintiff and other Quinco employees was an integral part of Triad's business, essential to the day-to-day efficient operation of the plant.
Plaintiff argues that since Triad chose not to perform its own maintenance, the case of Cain v. Witco Chemical Corp., 341 So.2d 1220 (La.App.1st Cir. 1976), supports his position that Quinco's work was not part of Triad's regular business. In answer to plaintiff's argument and in recognition of comments appearing in several cases (Sisk v. Insurance Co. of North America, supra; Vincent v. Ryder Enterprises, Inc., 352 So.2d 1061 (La.App.3d Cir. 1977)), we feel the need to explain a statement this court made in Cain.
In that case the plaintiff, Cain, a truck driver employed by Younger Brothers, Inc., was injured at the Witco plant while waiting to unload his cargo of sulfuric acid. Witco, sued by Cain in tort, asserted the statutory employer defense. We determined that Witco's business did not include the transportation and delivery of raw materials to its manufacturing plant although certainly that activity was essential to the operation of the Witco Chemical facility as every manufacturer must have raw materials. We expressed this idea in the following language at page 1226:
"The record clearly establishes that the hauling of acid was a function which Witco required for the successful operation of its business but was also one which they did not desire to become involved in. . . . "
We did not mean to indicate thereby that a principal could avoid statutory employer status by contracting with another for the performance of a job integral to its trade, business or occupation, for that would be in direct conflict with Sec. 1061. Our intent was merely to point out that while some manufacturers might also be in the business of transporting raw materials to their plants, Witco was not. Cain is not authority for plaintiff's argument in the instant case.
Plaintiff also places emphasis upon the maintenance agreement between Quinco and Triad wherein it states, "Neither the contractor [Quinco] nor any of its employees are in any way, directly or indirectly, expressly or by implication, employees or agents of Owner [Triad]." Even if this clause is interpreted to be an attempt by Triad to avoid liability under the Workmen's Compensation Act, it is entitled to little weight in our determination of Triad's status. A court must inquire into the true nature of the parties' relationship without giving undue consideration to how the parties may have characterized themselves in a contract. Sones v. Mutual of Omaha Insurance Co., 272 So.2d 739 (La.App.2d Cir. 1972); Murphy v. Tremont Lumber Co., 22 So.2d 79 (La.App.2d Cir. 1945).
For the reasons assigned, the judgment of the lower court is affirmed. Plaintiffappellant is to bear the costs of this appeal.
AFFIRMED.
NOTES
[*] Serving by appointment of the La.Sup.Ct.
[1] Plaintiff sued Triad Chemical as a partnership composed of First Mississippi Corporation and Mississippi Chemical Corporation. In their answer, the two corporations asserted that Triad Chemical was a joint venture, not a partnership. The issue of Triad Chemical's status as partnership or joint venture is not before us.