394 So.2d 636 (1980)
Charles Edward KLOHN
v.
LOUISIANA POWER & LIGHT COMPANY.
No. 13827.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Rehearing Denied February 11, 1981.
H. Alva Brumfield, III, and William Brumfield, of Brumfield & Brumfield, Baton Rouge, counsel for plaintiff-appellant, Charles Edward Klohn.
Eugene G. Taggart, of Monroe & Lemann, New Orleans, counsel for defendant-appellee, Louisiana Power & Light Co.
John H. Musser, IV, New Orleans, counsel for intervenor-appellee, Continental Casualty Co.
John F. Pugh, Jr., Thibodaux, counsel for third party defendant-appellee, City of Thibodaux.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
Plaintiff-Appellant, Charles Edward Klohn, brought this damage action against defendant, Louisiana Power & Light Company, for injuries sustained while doing mechanical work as a mechanic's helper in connection with the repair of a diesel engine as part of an electrical power plant *637 operated by Louisiana Power & Light Company under an operating agreement with the City of Thibodaux.
Plaintiff was an employee of Cooper Energy Services, which was in the business of performing mechanical work and repairs on diesel engines. Defendant was in the business of constructing, installing, using, operating and maintaining electrical energy and power plants for generation, transmission and distribution of such energy, including the various machinery, motors, power plants and structures used in connection therewith. Defendant's activities included the operation of the Thibodaux power plant.
On June 27, 1979, the day of the accident, there was in effect a contract between the Company and Cooper for certain mechanical work and repairs on certain diesel engines at the Thibodaux power plant. While engaged in the work on the diesel engine, plaintiff fell through an open grating resulting in serious and painful injuries to him.
Louisiana Power & Light Company obtained a summary judgment on the ground that it was the statutory employer of Klohn pursuant to LSA-R.S. 23:1061, and as such was insulated from tort liability to plaintiff, whose remedy was exclusively in workmen's compensation.
The record supports the summary judgment in favor of Louisiana Power & Light Company. The affidavit and deposition of Gerald D. McLendon, Senior Vice-President of Operations for the Company, and the contract (purchase orders) clearly show that on the date of the accident Klohn was employed in performing work at the Thibodaux plant pursuant to the contract when he was injured, and that the mechanical work and repairs to the diesel engines in which Klohn was engaged were an integral and necessary part of the regular trade, business and occupation of Louisiana Power & Light Company. There was no evidence to contradict the employment situation. Boudreaux v. Boudreaux, 369 So.2d 1117 (La.App. 1 Cir. 1979), writ denied, 371 So.2d 615 (La.1979).
Under these circumstances, summary judgment was properly granted in favor of Louisiana Power & Light Company. Burse v. Boh Brothers Construction Company, 349 So.2d 438 (La.App. 4 Cir. 1977), writ denied, 351 So.2d 172 (La.1977); Pullig v. Shreveport Packing Company, Inc. of Kansas, 342 So.2d 1217 (La.App. 2 Cir. 1977).
Appellant objects for the first time on appeal that the affidavit of Mr. McLendon was not based on personal knowledge of the affiant. The record does not disclose that the plaintiff moved to strike or otherwise objected to the affidavit. The inadequacy of an affidavit is a formal defect which is deemed waived if not timely objected to in the court below. Barnes v. Sun Oil Company, 362 So.2d 761 (La.1978). Thus, we conclude that it was proper for the trial court to consider the affidavit of Mr. McLendon in ruling on the motion for summary judgment.
Appellant contends on appeal that even if the defendant was the statutory employer of Klohn, Louisiana Power & Light Company did not show that it was free from "intentionally" injuring the plaintiff. LSA-R.S. 23:1032.
The second paragraph of LSA-R.S. 23:1032 provides:
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act."
This court, in Guidry v. Aetna Casualty and Surety Company, 359 So.2d 637, 638 (La.App. 1 Cir. 1978), writ denied, 362 So.2d 578 (La.1978), has interpreted the above provision, as follows:
"To constitute the requisite intent to result in civil liability, the defendant must have entertained a desire to bring about the result which followed and he should have believed that the result was substantially certain to follow."
*638 The allegations of the plaintiff's petition for damages against the defendant do not state the requisite intent by the defendant to cause injury to the plaintiff. The petition alleges various failures on the part of the defendant to meet its duty to the plaintiff to provide a safe place to work, and failure to warn the plaintiff of hidden dangers on the premises. From the undisputed way in which the accident happened, there is no plausible arrangement of the facts that would suggest that the harm in the case at bar resulted from an intentional act within the meaning of the statute. Guidry v. Aetna Casualty and Surety Company, supra; Johnson v. Narcisse, 373 So.2d 207 (La.App. 4 Cir. 1979). We do not believe that Bazley v. Tortorich, 380 So.2d 727 (La. App. 4 Cir. 1980), cited by appellant, is a correct interpretation of the statute, LSA-R.S. 23:1061, and we do not choose to follow it.
For the reasons assigned, the judgment of the lower court is affirmed. Plaintiff-Appellant is to bear the cost of this appeal.
AFFIRMED.