GARRISON, Judge.
This is an appeal from a judgment of the district court, dismissing plaintiffs suit for damages resulting from an injury sustained by him on August 29,1974, when a scaffolding floorboard on which he was standing broke beneath him. At the time of the accident, plaintiff was employed by Eagle Asbestos Company (hereinafter “Eagle”). Eagle was the subcontractor of Lummus Construction Company (hereinafter “Lum-mus”) at the Braithewaite construction site of the Ajax Nickle Refinery plant. Eagle was installing insulation at the site.
The parties involved are:
1. Lummus Construction Company — the major contractor at the Ajax Nickle Refinery job site, where the accident occurred.
2. Commercial Union Assurance Companies — the liability insurer of Eagle Asbestos Company.
3. Charles Munch — foreman at the job site and employed by Eagle Asbestos.
4. Commercial Union Insurance Company — the workmen’s compensation insurer of Eagle.
5. Eagle Asbestos Company — plaintiff’s direct employer.
On appeal, plaintiff raises several specifications of error;[1] however, we find the threshold issue to be whether the trial court erred in denying plaintiff the option of suing in tort or workmen’s compensation.
Plaintiff argues that workmen’s compensation is not an exclusive remedy in the instant appeal. R.S. 23:1031-82 provides for the exclusivity of workmen’s compensation, but those statutes must be read in conjunction with R.S. 23:1061 relative to statutory employees:
“. .. Our law requires the work involved be done in the trade, business or occupation of a principal before the principal acquires that status, becomes liable for workmen’s compensation, and thus immune from tort liability. La.R.S. 23:1061. Whether a particular activity constitutes a part of the trade, business or occupation of a principal must be decided on the particular facts of each case. Lushute v. Diesi, 354 So.2d 179 (La.1978). Our jurisprudence supports the rationale that construction of a new facility is not a part of the trade, business or occupation of a chemical manufacturing plant such as Georgia Pacific. Reeves v. Louisiana and Arkansas Railway Company, 282 So.2d 504 (La.1973); Boudreaux v. Boudreaux, 369 So.2d 1117 (La.App. 1st Cir. 1979). See also Moak v. Link-Belt Company, 229 So.2d 395 (La.App. 4th Cir. 1969), involving sugar refinery; and Ball v. Kaiser Aluminum & Chemical Corporation, 112 So.2d 741 (La.App.Orl. Cir. 1959), involving the production of aluminum.” (Tuberville v. Georgia Pacific Chemical Co., 386 So.2d 366 at 367 (La.App.1980).
Thus, as against Ajax, workmen’s compensation would not be an exclusive remedy; however, Ajax is not a party to the suit and Lummus Construction Company is the general contractor. Plaintiff argues that because insulation is not essential to Lum-mus’ construction business, he is not limited to workmen’s compensation. The issue before this court is whether insulation is essential to construction. We find that it is, as it is an essential part of the contract undertaken. Accordingly, plaintiff is a statutory employee whose exclusive remedy lies in workmen’s compensation. As plaintiff’s exclusive remedy is in workmen’s compensation, the trial court acted properly in dismissing plaintiff’s tort and executive officer suits.
*758 Turning to plaintiff’s third specification of error, we find that the trial court acted properly in finding no negligence on the part of Munch. Munch discharged his duty by telling the crew not to use the defective board. The ultimate responsibility for selecting the boards and erecting the scaffolding was with the workers.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

.On appeal plaintiff raises the following specifications of error:
1. The court erred in denying the petitioner the choice of suing in workmen’s compensation or tort.
2. The court erred in dismissing petitioner’s executive officer action.
3. The court erred in dismissing plaintiffs action in strict liability under C.C. art. 2317 against the job foreman, Munch.
4. The court erred in failing to award general and special damages.