PONDER, Judge.
Plaintiff appealed the dismissal of his tort action by directed verdict. The third-party defendant appealed the jury’s award of attorney’s fees to third-party plaintiff.
The issues are:
a. Does the statutory employee exclusion of the Workmen’s Compensation Act prevent recovery by the plaintiff;
b. Is defendant, Stauffer Chemical Company, entitled to indemnification of attorney’s fees from third-party defendant, Brooks Erection Company; and
c. Did the trial court err in denying jury instructions on (1) the care required of those who handle hazardous substances and (2) res ipsa loquitur.
We affirm.
The plaintiff, a pipefitter-welder employed by Brooks Erection Company, was injured while working at Stauffer Chemical Company pursuant to a maintenance contract between Stauffer and Brooks. Plaintiff suffered chemical burns when a valve on which he was working burst open, spraying him with acid.
Plaintiff filed suit against Stauffer for its alleged negligence. Stauffer filed a third-party demand against Brooks seeking indemnification under the terms of their contract for any damages or expenses for which it might be held liable.
At the conclusion of the jury trial, the trial court entered a directed verdict against the plaintiff holding that because he was the statutory employee of Stauffer under La.R.S. 23:1061,[1] Stauffer was im- *1094 muñe from tort liability under La.R.S. 23:1032.[2] The court submitted the issue of indemnification to the jury, who found that Stauffer was entitled to $2,401.25 in attorney’s fees. Plaintiff and Brooks appealed.
As a general rule, maintenance and repair work, as opposed to new construction, is considered to be within the scope of a manufacturing plant’s trade, business or occupation. Boudreaux v. Boudreaux, 369 So.2d 1117 (La.App. 1st Cir.1979); Barnes v. Sun Oil Company, 362 So.2d 761 (La.1978).
Stauffer manufactures industrial chemicals. The corrosive nature of the chemicals dictates constant maintenance and repair and frequent replacement. The project on which plaintiff was injured involved the replacement of a chemical reactor, the installation of a small reactor and the replacement of a large amount of pipe. When injured, plaintiff was installing a chain wheel to control a valve leading to the reactors.
David Thompson, a Stauffer project engineer, testified that Stauffer has a relatively large permanent maintenance crew of about sixty hourly employees. It contracted with Brooks to supplement its work force as necessary, but not for any specialized skills. The only difference between the type of work performed by the two work forces was that Stauffer employees tended to work on the urgent day-to-day problems that required a fairly constant work force, whereas Brooks employees worked on potential intermittent problems of a larger scale. The project on which plaintiff was hurt was not customarily performed by Stauffer.
Both Stauffer and Brooks spend a large amount of time replacing corroded and worn-out pipes, valves and pumps. Chain wheels on which plaintiff was working are common at Stauffer and subject to external corrosion.
Plaintiff stated he was doing more than replacing wornout material; he was adding new equipment. While he would not classify his work as maintenance, plaintiff acknowledged that the processing unit had already been there. Another Brooks employee testified that he had only seen Stauffer do repair work and nothing like the project on which they were working when plaintiff was injured.
The directed verdict in Louisiana is permitted under LSA-C.C.P. Article 1810(A).[3] It has its source in the Federal Rules of Civil Procedure and the proper standard in *1095 deciding such a motion is set forth in Boeing Company v. Shipman, 411 F.2d 365 (5th Cir.1969) (en banc):
“On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover’s case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. * * * ”
After a review of the evidence in the light most favorable to the plaintiff, we are of the opinion that the trial court correctly granted defendant’s motion for a directed verdict. The work being performed by the plaintiff and other Brooks employees consisted of maintenance and repair services. The work was a regular and integral part of Stauffer’s business and essential for the efficient operation of the plant. Stauffer employees, in fact, set in place and connected the new reactor on a temporary basis until Brooks was able to move it over to a new foundation and reconnect it with new piping permanently. The addition of the smaller reactor was simply an improvement of existing facilities. The contention that it was new construction is not supported by the facts. The work in which plaintiff was engaged was part of the trade, business or occupation of Stauffer.
Brooks asserts that the trial court should have awarded a directed verdict in its favor on the third-party demand. The third-party demand is based on the indemnification agreement between Stauffer and Brooks which is found in Section 7.1 of their contract:
“Contractor agrees to indemnify, defend and save Company (including officers, directors and employees of Company) harmless from and against any and all loss, damage, expense (including reasonable attorney’s fees) claims, suits, and liabilities, based upon damages to, or destruction of, any property or injury (including death) to any person (including employees of Contractor) arising out of or attributable to the performance or nonperformance by Contractor hereunder (including, but not limited to, Contractor’s employees, sub-contractors or agents) even if caused in part by negligence of Company, except for such injuries or damages which are caused solely by the negligence of Company.”
The undisputed evidence shows that the valves, pipes and reactors installed by Brooks were all new and there was no evidence of any chemical flow through this portion of the unit prior to plaintiff’s accident. Thompson testified that after two years he still did not know how the pressurized acid became trapped in the valve.
We are of the opinion that the facts and inferences do not point so strongly and overwhelmingly to the conclusion that the accident was caused solely by the negligence of Stauffer that reasonable men could not reach a contrary result. The trial court did not err in submitting the issue of attorney’s fees to the jury.
Brooks requested an instruction on the extraordinary degree of care required of persons involved with hazardous substances. The court denied the request determining that a negligence standard had been contractually established by the parties and was therefore controlling.
Brooks also complains that the court refused to give a jury instruction regarding the doctrine of res ipsa loquitur.
The doctrine is properly applicable when the accident is of a kind that does not ordinarily occur in the absence of negligence; the injury was caused by an agency or instrumentality within the control of the defendant; and evidence as to the cause of *1096 the accident is more readily available to the defendant. Ray v. Ameri-Care Hospital, 400 So.2d 1127 (La.App. 1st Cir.1981), writ denied, 404 So.2d 277 (La.1981).
The trial judge stated that plaintiff was in a position to know as much as, if not more than, Stauffer about the accident, and therefore the doctrine did not apply. He also stated that there were no questions, argument or evidence directed to this issue at trial and that to give the jury such an instruction would only confuse them.
We find no manifest error in either of these decisions by the trial court.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs shall be shared equally by the plaintiff and the third-party defendant.
AFFIRMED.

. La.R.S. 23:1061 and La.R.S. 23:1032 provide:
§ 1061: Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay *1094 compensation to the employee or his dependent, and shall have a cause of action therefor.

. § 1032: The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.

. LSA-C.C.P. art. 1810(A)
A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.