LOTTINGER, Judge.
This is an action ex delicto by Donald Rowe, an employee of Ace Electric Company, against Cargill, Inc. and its insurer for injuries sustained while Rowe was performing electrical work pursuant to a contract between Ace Electric Company and Cargill, Inc. The trial judge entered a summary judgment in favor of Cargill, Inc. and its insurer. From this judgment Rowe appeals.
FACTS
Donald Rowe (Rowe) is an employee of Ace Electric Company as an electrician. Cargill, Inc. (Cargill) is a world-wide agricultural company which deals in the merchandising, transportation, and sale of agricultural commodities. Cargill entered into a contract with Ace Electric Company to reconnect the electrical power to a centrifugal pump located at Cargill’s bulk liquid import-export facility in West Baton Rouge Parish. The pump had undergone repairs, and for it to be returned to operable status the electric power source had to be reconnected to the motor which drives the pump. After Rowe made the necessary connections the pump was tested. As the pump began to turn, a coupling was thrown from the shaft. This coupling struck Rowe in the leg, resulting in the injuries which form the basis of this suit.
Rowe filed suit against Cargill and its insurer alleging negligence on the part of Cargill and its employees. The defendants responded to the suit by filing an exception of “no cause or right of action,” and, later, a motion for summary judgment. The basis of both the motion for summary judgment and the peremptory exception was the contention that Rowe was the “statutory employee” of Cargill. Thus, Rowe’s exclusive remedy for his injuries was workmen’s compensation. In support of their contention, defendants introduced into evidence the deposition of Mr. Kenneth Sinclair Dameron, the manager of the Cargill facility which was the site of the injury.
After argument by both sides, the trial judge granted defendants’ motion for summary judgment, but did not rule on defendants’ exception of “no cause or right of action”. From the entering of summary judgment in favor of the defendants, Rowe has appealed, alleging the following assignments of error:
(1) The trial court erred in finding that Cargill was the statutory employer of Rowe as defined by La.R.S. 23:1061.
(2) The trial court erred in granting defendants’ motion for summary judgment.
Cargill and its insurer have answered the appeal and ask for a judgment sustaining their exception of “no cause or right of action” in addition to, or alternative to the summary judgment.
I
In the absence of statutory provisions, an employee of a contractor would not be considered as an employee of the owner or “principal.” However, by statute, such an employee is deemed to be an employee of the principal when the contractor performs work for the principal which constitutes part of the principal’s “trade, business or occupation.” La.R.S. 23:1061; Johnson v. Alexander, 419 So.2d 451 (La.1982).
The determination of whether a principal is a statutory employer is a factual question and must be handled on a case by case basis. Lewis v. Exxon Corporation, 441 So.2d 192 (La.1983) on rehearing; *605 Boudreaux v. Boudreaux, 369 So.2d 1117 (La.App. 1st Cir.1979), writ denied, 371 So.2d 615 (La.1979). However, it is well established as a general rule that routine maintenance and repair work, which by their nature allow the smooth and continued operations of the principal, are part of the trade, business or occupation of the principal. Lewis v. Exxon Corporation, supra; Brewer v. Stauffer Chemical Company, 424 So.2d 1092 (La.App. 1st Cir. 1982), writs denied, 429 So.2d 143, 429 So.2d 146 (La.1983).
In Lewis v. Exxon Corporation, the Louisiana Supreme Court stated that to be considered a statutory employee of the principal, the work done by the contractor’s employee must be routine or customary, or necessary for the principal’s day-to-day operations. In addition, we are to look to the regularity and predictability of the activity and whether the employer is normally equipped to handle such projects or repairs.
In the instant case, the deposition of Mr. Dameron, the Cargill plant manager, was introduced into evidence. Mr. Dameron testified that the pump was essential to the day-to-day operations of the facility, and that the facility could not operate without it. Furthermore, Mr. Dameron testified that the repairs to the pump were carefully planned and scheduled far in advance of the actual repairs. Also, the project was the responsibility of Cargill employees, who did all of the disassembly and reassembly except for the electrical connections, which were done by Rowe.
Although Cargill employed no electricians at this particular facility, electricians were frequently borrowed from a neighboring division of Cargill, which is located on the same property but controlled by separate management personnel. These electricians were employed by Cargill and were capable of making the connections. However, for scheduling purposes and various other economic reasons, Dameron decided to hire an independent electrician. Also, on a nationwide basis, this type of job is typically done by Cargill employees. The fact that Dameron decided to hire a contractor to perform these electrical connections rather than utilizing Cargill employees from the neighboring facility does not preclude statutory employer status. Barnes v. Sun Oil Company, 362 So.2d 761 (La.1978).
In Klohn v. Louisiana Power & Light Company, 394 So.2d 636 (La.App. 1st Cir.1980), writ denied 399 So.2d 612 (La.1981), the repair of a diesel engine by a contractor’s employee was found to be part of the trade, business or occupation of a company which generated and sold electricity. We find Klohn to be closely analogous to the present case.
Based on the above, we conclude that the work being performed by Rowe at the time of his injuries was an integral and necessary part of the regular trade, business or occupation of Cargill. As such, Rowe was the statutory employee of Car-gill and the finding of such by the trial court was not erroneous.
II
In his second assignment of error, Rowe contends that the trial court erred by granting defendants’ motion for summary judgment. The basis of this contention is that there existed a genuine issue of material fact, that being whether the work done by Rowe was part of the trade, business or occupation of Cargill.
Summary judgment is available when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidávits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966. All inferences drawn from the evidence in support of the motion for summary judgment are viewed in favor of the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). Any doubts as to the existence of material fact issues and the granting of the summary judgment are to be resolved against the mover. Sanders v. City of Blanchard, 438 So.2d 714 (La.App.2d Cir. *606 1983). A summary judgment is not appropriate where the trier of fact must weigh conflicting evidence to reach a conclusion upon which reasonable minds could differ. Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982).
We conclude there is no genuine issue of material fact in light of the deposition of Mr. Dameron, and defendants are entitled to judgment as a matter of law.
HI
Inasmuch as we have concluded that the trial court was correct in its handling of the motion for summary judgment, we preter-mit any discussion of defendants’ answer to the appeal.
Therefore, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.