477 So.2d 254 (1985)
Robert FALLS, et al.,
v.
MISSISSIPPI POWER & LIGHT Company.
No. 54940.
Supreme Court of Mississippi.
August 28, 1985.
Rehearing Denied October 2, 1985.
*255 Fredrick B. Clark, Greenwood, Don Barrett, Barrett, Barrett, Barrett & Patton, Lexington, for appellants.
David H. Nutt, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
The Circuit Court of Holmes County granted a summary judgment in favor of Mississippi Power & Light Company on a wrongful death claim filed by Robert Falls and other family members on the account of the electrocution death of Henry Lee Falls. The Falls have appealed to this Court and assign the following error in the lower court's decision:
The lower court committed reversible error in holding that, as a matter of law, Mississippi Power & Light Company was the statutory employer of appellants' decedent, and, as such, appellants' exclusive remedy is a workmen's compensation claim.
The complaint charged that on August 26, 1982, the deceased, while employed by the Deviney Company, was trimming and cutting the tops from pine trees under and around appellee's high voltage power lines on the Natchez Trace Parkway near Port Gibson, Mississippi, pursuant to his instructions; that one of the tree tops fell upon the appellee's power lines, resulting in deceased's electrocution and death; and that the appellee negligently installed and maintained its power lines, which negligence proximately caused or contributed to Falls' death. The complaint further charged that the Deviney Company was an independent contractor; that decedent was an employee of the Deviney Company; and that the negligence of appellee caused decedent's death.
Appellee answered and denied that it was negligent, it admitted that Deviney is an independent contractor and that decedent was Deviney's employee. Appellee also stated four affirmative defenses and filed an amended answer alleging that appellee was the statutory employer of decedent and that appellants' exclusive remedy is a workmen's compensation claim. This is the sole question involved in the appeal.
Appellants concede that, if appellee was decedent's statutory employee, then appellee is immune from third party liability, since under such a relationship, appellee would have a duty to provide for workmen's compensation, either through itself or a subcontractor.
The National Park Service granted a special use permit to appellee for the period March 1, 1976, through December 31, 1985, over the Natchez Trace Parkway, for the purpose of providing electrical service to its customers through distribution and transmission lines in the area served by Mississippi Power & Light Company, subject to *256 certain conditions and restrictions. Appellee was permitted to keep its right-of-way clear of trees, brush and stumps, and, in doing so agreed to abide by requirements of the special use permit.
Appellee contends, and so persuaded the lower court, that under the special use permit it became a contractor and, in this case, a prime contractor, or owner contractor; that the Deviney Company was its subcontractor; and that, therefore, the decedent became its statutory employee, which conferred immunity upon it from a third party common-law action.
The contract executed between appellee and the Deviney Company contained the following language under Paragraphs (1) and (4):
1. Contractor agrees, at his sole cost and expense, to perform all the labor and services and furnish all the tools and equipment necessary to complete in good, substantial, workmanlike and approved manner, the work hereinafter specified and referred to, and to perform the same in accordance with plans and specifications furnished by the Owner and conditions and provisions of this agreement hereinafter mentioned.
* * * * * *
4. Contractor shall effect, maintain and furnish evidence of insurance satisfactory to the owner in the following minimum amounts:
(a) Workmen's Compensation Insurance for operations in the State of Mississippi, including Employers Liability Insurance in the minimum amount of $100,000.00.
* * * * * *
Contractor shall, before commencing work on this contract, deliver to Mississippi Power & Light Company, attention: Insurance Manager, P.O. Box 1640, Jackson, Ms. 39205, certificates from insurance companies, or their agents, stating that said insurances are in force and that they will give Mississippi Power & Light Company ten (10) days written notice prior to the effective date of any change or cancellation of any of the policies, such certificates to be on forms provided by the Owner.
Appellee contends (1) that it was a statutory employer of the decedent and is protected from tort liability under the provisions of Mississippi Code Annotated § 71-3-9 (1972), and (2) that appellee was also decedent's statutory employer because it contractually required Deviney Company to carry workmen's compensation on the decedent. The answer to those positions are dispositive of the legal issue before this Court.
Mississippi Code Annotated § 71-3-7 (1972) provides in part, the following:
Every employer to whom this chapter applies shall be liable for and shall secure the payment to his employees of the compensation payable under its provisions.
In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment.
Section 71-3-71, among other things, provides that the acceptance of compensation benefits from, or making a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the rights of the employee or his dependents to sue any other party at law for such injury or death.
Under § 71-3-71, liability to secure workmen's compensation covering the decedent attaches only (1) if he was an employee of appellee, which appellee admits he was not; and (2) appellee had qualified as a contractor (prime) and the Deviney Company had qualified as a subcontractor within the meaning of § 71-3-7. Appellee contends that the special use permit executed by appellee and the National Park Service constituted a contract as specified in § 71-3-7; that the Deviney Company became the subcontractor; and that appellee is within the statute and immune from a third party claim.
*257 In a supplemental brief, citing authorities from other jurisdictions, appellee also takes the position that, if an owner or principal contracts a portion of its normal trade, business or occupation to be performed by another, then the entity performing that work is the agent of the owner; and that, since construction and maintenance of appellee's distribution facilities were part of its business, it became the statutory employer of Deviney Company and Deviney's employees.
Appellee cites and relies upon Dagenhardt v. Special Machine & Engineering, 418 Mich. 520, 345 N.W.2d 164 (1984), wherein the Michigan Court said:
In any event, it does not alter the worker's disability compensation scheme, i.e., the party liable to pay disability compensation benefits is immune from tort liability. The contrary result reached by the Court of Appeals in this case unfairly imposes two burdens upon a principal which are never imposed upon an injured worker's direct employer.
345 N.W.2d at 169.
Appellee urges that the same reasoning in Dagenhardt applies to the case sub judice and that appellee would be subject to dual liability without the benefit of exclusive remedy.[1] Appellee also cites cases from the Louisiana jurisdiction, viz, Rachal v. Audubon Park Commission, 467 So.2d 1281 (La. App. 1985); Rowe v. Northwestern National Insurance Company, 461 So.2d 603 (La. App. 1984); Brown v. Ebasco Services, Inc., 461 So.2d 443 (La. App. 1984); Klohn v. Louisiana Power & Light Co., 394 So.2d 636 (La. App. 1981); and Gray v. Louisiana Power & Light Co., 247 So.2d 137 (La. App. 1971); and Va.Code Annotated §§ 65-28 and 65-29 (1950).
Those decisions are distinguished from the present case because the state statutes are different from the Mississippi statutes, and this Court has decided the issue adversely to appellee's position.
Appellee argues that Doubleday v. Boyd Construction Co., 418 So.2d 823 (Miss. 1982), and Nations v. Sun Oil Co., 695 F.2d 933 (5th Cir.1983), support its position. Appellants agree that those cases were correctly decided, but say that Doubleday does not apply to the case sub judice.
In Doubleday,[2] the Mississippi Highway Department contracted with Boyd Construction Company as the prime contractor, and Boyd subcontracted work to Ratliff Company, which employed Doubleday. He was injured when struck by an automobile and filed a personal injury suit in the Circuit Court against Boyd Construction Company. This Court held that, where a prime contractor required the subcontractor to secure workmen's compensation insurance on its employees, the prime contractor "secured" compensation insurance for the benefit of the subcontractor's employee within the meaning and purpose of the workmen's compensation statute and was not "any other party" provided by the statute (§ 71-3-71) who could be sued by the employee or his dependents.
The Doubleday Court quoted the Florida Supreme Court in Miami Roofing & Sheet Metal Co. v. Kindt, 48 So.2d 840 (Fla. 1950), which held:
We hold, therefore, that a contractor is liable for and shall secure compensation to the employees of his subcontractors, even though such contractors have the status of independent contractors, and that if such contractor has in fact, secured such compensation, either directly or indirectly through the subcontractor, the remedy under the Act is exclusive. Id. at 843.
We agree with this decision even though Fla. Stat. Ann. § 440.10 (West *258 1981) differs somewhat from Miss. Code Ann. § 71-3-7 (1972). It is our opinion the legislature did not intend to subject a general contractor to common law liability if he complied with § 71-3-7 by requiring the subcontractor to have workmen's compensation insurance. It would defeat the purpose of the statute, we think, if such an improbable result followed.
418 So.2d at 826.
Nations v. Sun Oil Co., supra, followed the principle established in Doubleday. However, we think the difference in those cases and the case here is that, on the facts of the present case, appellee was not a prime or general contractor within the meaning of those decisions and the statute.
In Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954), the Florida Power Corporation contracted with two different independent contractors for the construction of an extension to one of its offices. The contract recited that they were employed as independent contractors and required each of them to carry workmen's compensation insurance on their employees. Jones was an employee of one of the independent contractors and was injured in the course of his employment. After collecting workmen's compensation benefits, Jones filed a common-law personal injury suit against Florida Power Corporation and the other independent contractor, charging them with negligence. The defendants filed motions for summary judgments alleging that they were not third parties within the meaning of the Workmen's Compensation Act. The summary judgments were granted. The cases were appealed to the Florida Supreme Court, which Court held that the fact the Florida Power Corporation required the independent contractor to provide workmen's compensation for those employees was commendable, but irrelevant to a determination of the question presented, and reversed the summary judgments. The Court said:
The question is whether the Workmen's Compensation Act imposed upon the Corporation [Florida Power] the duty, as an "employer" and "contractor", to secure compensation for such employees. It is the liability to secure compensation which gives the employer immunity from suit as a third party tortfeasor.
72 So.2d at 287.
The principle established in Jones was followed by the Florida Supreme Court in West v. Sampson, 142 So.2d 74 (Fla. 1962); State v. Luckie, 145 So.2d 239 (Fla. 1962); and Florida Power and Light Company v. Brown, 274 So.2d 558 (Fla. 1973).
Appellee MP & L was a permittee under the special use permit granted it by the National Park Service and was required to fulfill certain provisions of that permit in order to exercise same. The permit did not constitute appellee/permittee as a general or prime contractor for work to be done by Deviney Company along the right-of-way of appellee pursuant to its contract with appellee. We hold that Deviney Company and its employees were not statutory employees of appellee and that no statutory obligation was imposed upon appellee to provide workmen's compensation coverage for Deviney and its employees.[3] Therefore, appellee became a third party and liable to a common-law action claim and was "any other party" within the meaning of § 71-3-71.
We are of the opinion that the lower court erred in sustaining the motion for summary judgment and the judgment of the lower court is reversed and the cause is remanded for a trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] There is no dual liability in the present case.
[2] Since original briefs were filed in this cause, the United States District Court for the Northern District of Mississippi in Harris, et al. v. 4-County Electric Power Ass'n, No. ED-83-446-WK-P, and the United States District Court for the Southern District of Mississippi in Sheppard, et al. v. South Central Bell Telephone Co., No. S 82-0867(N), followed our holding in Doubleday v. Boyd Construction Co., 418 So.2d 823 (Miss. 1982), on facts similar to the case sub judice, and held that a third party claim would lie.
[3] This is so even though in the Deviney contract appellee required Deviney to obtain workmen's compensation coverage.