528 So.2d 1123 (1988)
AMOCO PRODUCTION COMPANY
v.
Paul B. MURPHY.
No. 57774.
Supreme Court of Mississippi.
June 8, 1988.
Rehearing Denied August 17, 1988.
Clifford B. Ammons, Watkins & Eager, Jackson, for appellant.
Dixon L. Pyles, Pyles & Tucker, Jackson, W.O. Dillard, Clinton, for appellee.
Before ROY NOBLE LEE, C.J., and ANDERSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case, involving workers' compensation, comes to the Court from the Circuit Court of the First Judicial District of Hinds County, which affirmed the award of the Mississippi Workers' Compensation Commission, consisting of medical benefits, temporary total disability benefits, and permanent partial disability benefits. We reverse.
On December 31, 1980, Paul B. Murphy injured his back while pulling land records at the Morgan County Courthouse in Decatur, Alabama. As a result, Murphy complains that his back is weak and painful, precluding heavy lifting, and that his right foot has permanent sensory loss.
The Mississippi Workers' Compensation Commission found that Murphy was an employee of W.W. Beckett, an independent oil and gas lease broker, who had hired Murphy to secure leases on behalf of Amoco Production Company. The commission awarded Murphy workers' compensation benefits against Amoco, citing Miss. Code Ann. § 71-3-7 (1972), which reads in part: "In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment."
In Rodgers v. Phillips Lumber Company, 241 Miss. 590, 593, 130 So.2d 856, 857 (1961), quoting V. Dunn, Mississippi Workmen's Compensation § 10 (1957), the Court defined a subcontractor as "one who enters into a contract, express or implied, for the performance of an act with a person who has already contracted for its performance, or who takes a portion of a contract from the principal or prime contractor." Similarly, in O'Neal Steel Co. v. Leon C. Miles, Inc., 187 So.2d 19, 24 (Miss. 1966), the Court stated, "The term `subcontractor' means one who has contracted with the original contractor for the performance of all or a part of the work or services which such contractor has himself contracted to perform." Also, in Frazier v. O'Neal Steel, Inc., 223 So.2d 661, 665 (Miss. 1969), the Court said, "In order to constitute a subcontractor ..., it is necessary that there be a contract to construct a part or all of the building contract undertaken by the contractor ...".
More recently, in Falls v. Mississippi Power & Light Co., 477 So.2d 254, 258 *1124 (Miss. 1985), where the National Park Service had issued a "special use permit" to M.P. & L., allowing the power company to clear its right-of-way near the Natchez Trace Parkway, the Court held:
Appellee MP & L was a permittee under the special use permit granted it by the National Park Service and was required to fulfill certain provisions of that permit in order to exercise same. The permit did not constitute appellee/permittee as a general or prime contractor for work to be done by Deviney Company along the right-of-way of appellee pursuant to its contract with appellee. We hold that Deviney Company and its employees were not statutory employees of appellee and that no statutory obligation was imposed upon appellee to provide workmen's compensation coverage for Deviney and its employees.
Again, in Nash v. Damson Oil Co., 480 So.2d 1095 (Miss. 1985), Damson Oil, a mineral lessee, hired Trigger Contractors, Inc. to perform various jobs at several oil and gas well sites. When Nash, Trigger Contractor's employee, received an injury, he sued Damson Oil. On appeal, the Court, noting that "Damson is an operator or even in a sense an owner pro hac vice," found that the "operative point is that Damson's interest, use and activities with respect to the premises are wholly different in nature from those of one ordinarily considered a general or prime contractor ...". Id. at 1100.
In this case, Beckett was not a subcontractor absent any evidence that he had entered a contract to perform an act, which Amoco Production Company had previously contracted to perform (Rodgers, O'Neal Steel and Frazier).[1] Stated otherwise, Amoco Production Company was not a general or prime contractor, where the record reveals that it apparently purchased the leases on its own behalf (Falls and Nash). See also, 1 C.A. Larson, The Law of Workmen's Compensation § 49.13 (1986).
Had Amoco Production Company purchased the leases from Beckett in fulfillment of contractual obligations that it maintained with another, then Amoco Production Company would have been a contractor, Beckett a subcontractor, and Murphy the employee of a subcontractor, as contemplated by § 71-3-7. See, Morris v. W.E. Blain & Sons, Inc., 511 So.2d 945, 948 (Miss. 1987); Brown v. Williams, 504 So.2d 1188, 1193 (Miss. 1987); Doubleday v. Boyd Construction Co., 418 So.2d 823, 824 (Miss. 1982). Here, though, Amoco Production Company apparently purchased the leases for itself.
When the Commission made the award, it did not yet have the benefit of our holdings in Falls and Nash, which, though they speak to statutory immunity, are nonetheless instructive on the issue before us. Consequently, although we may sympathize with Mr. Murphy for his injury, Amoco Production Company is not liable for workers' compensation benefits to him.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
NOTES
[1] All subcontractors are independent contractors, but an independent contractor is not necessarily a subcontractor. See, V. Dunn, Mississippi Workmen's Compensation § 17 (3rd ed. 1982).